[No. S011123. June 25, 1992.]

LLOYD W. AUBRY, JR., as Labor Commissioner, etc., Cross-complainant and Appellant, v.
TRI-CITY HOSPITAL DISTRICT, Cross-defendant and Respondent.

**COUNSEL**

Thomas H. Cadell, Jr., for Cross-complainant and Appellant.

Allen, Matkins, Leck, Gamble & Mallory and Dwight L. Armstrong for Cross-defendant and Respondent.

**OPINION**

**PANELLI, J.**—We granted review to decide whether Government Code section 815.6 provides a cause of action against a public entity that fails to comply with its obligations under the prevailing wage law. (Lab. Code, § 1720 et seq.) We conclude that the Court of Appeal was correct in holding that Government Code section 815.6 does not provide a cause of action in these circumstances. However, we also conclude that the Division of Labor Standards Enforcement (the DLSE) should be granted leave to amend its complaint to attempt to allege a cause of action under an alternative theory.

## FACTS

Tri-City Hospital District (the District), a public entity whose principal office is located in Oceanside, California, decided to greatly expand its existing hospital facility. In June 1983, the District entered into an "Installment Sale Agreement" with Imperial Municipal Services Group (Imperial), a private corporation, under which Imperial would "sell" the finished addition to the District. Under the agreement, the District was to be Imperial's "agent" for purposes of procuring a general contractor and overseeing construction. The agreement further provided that the District, as Imperial's agent, would assure that the general contractor paid its employees the prevailing wage, as required on public works projects by Labor Code section 1770 et seq. Imperial, through the District as its agent, then entered into a contract with Lusardi Construction Company (Lusardi) as general contractor on the project. The contract with Lusardi did not refer to the project as a public work, nor did it include a provision requiring Lusardi to pay prevailing wage rates.

More than two years later, when substantial portions of the project had been completed, the DLSE, a part of the Department of Industrial Relations, commenced an investigation into possible violations of the public works laws. After the Director of the Department of Industrial Relations (the Director) determined that the project was a public work, the DLSE ordered Lusardi to comply with the prevailing wage requirements and to submit certified payroll records. When Lusardi failed to do so, the DLSE notified the District to withhold funds due Lusardi.

Lusardi filed suit for declaratory and injunctive relief against the Director and the DLSE in November 1986 in the Orange County Superior Court. The DLSE cross-complained[1] against the District, seeking declaratory relief and damages for violation of the prevailing wage law. In the main action, the trial court granted Lusardi's motion for summary judgment enjoining the DLSE from enforcing the public works law against it, its subcontractors, or the District. The Court of Appeal affirmed, and we granted review. In the separate opinion in the main action, *Lusardi Construction Co.* v. *Aubry* (1992) 1 Cal.4th 976 [4 Cal.Rptr.2d 837, 824 P.2d 643], this court held that when a public entity and a private contractor enter into an arrangement that is in substance a contract for a public work under the Labor Code but fails to provide for the payment of the prevailing wage for public works, the Director may seek statutory remedies for underpayment of the prevailing wage against the contractor.

[1]Technically, the cross-complainant is Lloyd W. Aubry, Jr., as Labor Commissioner etc. For the purpose of clarity, the cross-complainant is referred to as "the DLSE" throughout.

In the action on the cross-complaint that continued in the trial court, the DLSE alleged that the District, to reduce its construction costs, engaged in activities that "were part of an overall scheme" to "circumvent the public works laws." The DLSE sought damages consisting of the prevailing wage differential and statutory penalties. The DLSE's first amended cross-complaint attempted to state a cause of action against the District for violation of its duties under the Labor Code. The trial court sustained the District's demurrer to this cross-complaint on the ground that the Labor Code does not authorize an action for damages or penalties against an alleged public awarding body; the trial court also granted the DLSE leave to amend to attempt to state a cause of action under Government Code section 815.6. The DLSE amended its complaint,[2] and the District demurred to the second amended cross-complaint on the grounds that Government Code section 815.6 does not provide a cause of action against an awarding body under these circumstances, that the District was immune from liability under Government Code section 818.8, and that the DLSE's cross-complaint was time-barred by the statute of limitations. The trial court sustained the District's demurrer to the DLSE's second amended cross-complaint without leave to amend, dismissed the cross-action, and entered judgment for the District.[3]

On the DLSE's appeal, the Court of Appeal affirmed, holding that the DLSE could not state a claim against the District for failing to discharge its mandatory duties as an awarding body because Imperial, and not the District, was the awarding body. The Court of Appeal additionally held that Government Code section 815.6 does not serve to make an awarding body liable for any shortfall in wages where it fails to comply with its obligations under the prevailing wage law, and that in any event the action against the District was in major part barred under the statute of limitations of Labor Code section 1775.

### DISCUSSION

### 1. *Standard of Review*

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The

---

[2]We have no occasion in this case to decide whether the trial court was correct in sustaining the District's demurrer to the DLSE's first amended cross-complaint. Rather than appealing the trial court's order, the DLSE chose to amend its complaint. By doing so, it waived its right to appeal any error in the sustaining of the first demurrer. (See *Sheehy* v. *Roman Catholic Archbishop* (1942) 49 Cal.App.2d 537, 540-541 [122 P.2d 60].) Accordingly, the question of whether the Labor Code provides a cause of action against an awarding body for prevailing wages and penalties is not before us.

[3]The trial court stated in its order that the demurrer was sustained because the action was time barred and "[f]or the reasons set forth in Cross-Defendant's points and authorities."

reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 828 [122 Cal.Rptr. 745, 537 P.2d 865].) The court does not, however, assume the truth of contentions, deductions or conclusions of law. (*Moore* v. *Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" (*Longshore* v. *County of Ventura* (1979) 25 Cal.3d 14, 21 [157 Cal.Rptr. 706, 598 P.2d 866].) However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817].) And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 318.)

### 2. *The Awarding Body's Duties Under the Labor Code*

The public works laws (Lab. Code, § 1720 et seq.) impose a variety of responsibilities on public entities awarding contracts for public works. Among its duties, an awarding body must obtain from the Director the prevailing wage rate in the locality for each craft, classification or type of worker needed to carry out the contract (Lab. Code, § 1773); it must then either specify in the call for bids, the bid specifications and in the contract itself what the prevailing wages are, or it must state that those rates are available at the public entity's office. (Lab. Code, § 1773.2.) The awarding body is also required to cause to be inserted into the contract stipulations that, in the event that the contractor fails to pay the prevailing wages, the contractor is liable for penalties and for the shortfall in wages. (Lab. Code, § 1775.) Additionally, the awarding body is required to "take cognizance of violations" in the execution of the contract (Lab. Code, § 1726) and is expected to assist the DLSE if necessary in court actions to recover unpaid wages and penalties, either where there is insufficient money due the contractor to cover the full amount, or where the awarding body does not owe money directly to the contractor. (Lab. Code, § 1775.) Thus, the awarding body has a variety of responsibilities designed to help ensure that workers are paid the prevailing wages on public works.

### 3. *Government Code Section 815.6*

The DLSE contends that it has properly alleged a cause of action against the District under Government Code section 815.6. This statute

provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Applying the standard of review set forth above, we assume for purposes of this discussion that the "Expansion Project" was a public work. Although technically Imperial rather than the District awarded the contract to Lusardi, the DLSE alleges that there was an alter ego relationship between the District and Imperial that served to make the District the awarding body for purpose of the obligations imposed by the prevailing wage law. It alleges that the District as awarding body failed to carry out its mandatory duties under the Labor Code, and that as a result the workers on the project were damaged. However, in our view, even if the DLSE has adequately alleged that the District is the awarding body, Government Code section 815.6 does not authorize an action against an awarding body that fails to comply with its responsibilities under the prevailing wage laws. Such a result would stretch liability under section 815.6 beyond what the Legislature intended.

Government Code section 815.6 is a part of the Tort Claims Act. The injury alleged in this case, however, is not of the type protected by this act. For purposes of the Tort Claims Act, injury is defined as "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, *of such nature that it would be actionable if inflicted by a private person.*" (Gov. Code, § 810.8, italics added.) The California Law Revision Commission Comment on this definition states that "[t]he purpose of the definition is to make clear that public entities and public employees may be held liable *only* for injuries to the kind of interests that have been protected by the courts *in actions between private persons.*" (Cal. Law Revision Com. com., Deering's Ann. Gov. Code, § 810.8 (1982 ed.) p. 125; italics added.) Here, the DLSE alleges that as a result of the District's failure to perform its mandatory duties, the workers were paid less than the prevailing wage *while engaged on a public work.* This injury is one which by its very nature could not exist in an action between private persons; if the defendant awarding body were not a public entity, there would be no injury. As a result, the injury alleged in this case is not included within the Tort Claims Act's definition of injury. Accordingly, the District is not subject to liability under Government Code section 815.6 for any failure to carry out its responsibilities under the Labor Code's prevailing wage provisions.

In defining "injury" as it did, the Legislature set limits on the injuries for which public bodies are liable. The DLSE has not been able to direct us to

any authority establishing liability under the Tort Claims Act for an injury of this nature. In response to the District's argument that Government Code section 815.6 only applies to actions for negligent conduct,[4] the DLSE points out that Government Code section 815.6 has been used to hold public entities liable for intentional violation of a mandatory duty. However, neither of the cases cited by the DLSE persuades us that section 815.6 should be extended to apply to the present situation. In *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710 [117 Cal.Rptr. 241, 527 P.2d 865], a sheriff falsely imprisoned the plaintiff. In *Ramos* v. *County of Madera* (1971) 4 Cal.3d 685 [94 Cal.Rptr. 421, 484 P.2d 93], two children became physically ill after working in the fields when the defendant county's welfare department employees coerced several children to harvest grapes for private employers in violation of the child welfare laws. Thus, both cases relied on by the DLSE involve tort actions for personal injury "of such nature that it would be actionable if inflicted by a private person." (See Gov. Code, § 810.8.)[5] It would be an unwarranted extension of the law to hold that Government Code section 815.6 was intended to impose liability for the failure of an awarding body to ensure that contractors paid their workers prevailing wages on a public works project. This is an injury that could not exist in an action between private persons, and so it is outside the scope of the Tort Claims Act.[6]

---

[4]The California Law Revision Commission Comment following this statute states, "This section declares the familiar rule, applicable to both public entities and private persons, that failure to comply with applicable statutory or regulatory standards is negligence unless reasonable diligence has been exercised in an effort to comply with those standards." (Cal. Law Revision Com. com., Deering's Ann. Gov. Code, *supra*, § 815.6, p. 157.)

[5]Contrary to the dissent's bald assertion that a worker may proceed directly against a contractor who has not agreed to pay the statutory prevailing wages, this court has not yet had the opportunity to decide that issue. *Lusardi Construction Co.* v. *Aubry, supra*, 1 Cal.4th 976, established that the DLSE can proceed against the contractor under Labor Code section 1775 for prevailing wages even where the contractor has not agreed to pay those wages. We did not address whether the workers have a right of action against the contractor.

However, even if such an action is available, it does not bring the present action within the scope of the Tort Claims Act. Any action by a worker against a contractor for wages must necessarily be based on the worker's contractual relationship with the contractor, for absent an express or implied contractual relationship with the worker, the contractor has no duty to pay that worker any wages, let alone statutory prevailing wages. Thus, a worker's action against an employer for unpaid statutorily required wages sounds in contract. (See *Longshore* v. *County of Ventura, supra*, 25 Cal.3d at pp. 22-23 and cases cited therein.) As we recently stated in a unanimous decision, "[t]he Tort Claims Act is a comprehensive statutory scheme that sets forth the liabilities and immunities of public entities and public employees for *torts*." (*Kizer* v. *County of San Mateo* (1991) 53 Cal.3d 139, 145 [279 Cal.Rptr. 318, 806 P.2d 1353], italics in original.) The Tort Claims Act was not intended to address injuries to contractual interests. (See Gov. Code, § 814.)

[6]The Court of Appeal stated as an additional reason for rejecting the DLSE's claims that the Tort Claims Act's definition of injury does not include injury to rights created by statute

The DLSE asserts that Government Code section 815.6 authorizes it to seek recovery from the District not only of the shortfall in wages, but also of the statutory penalties that a contractor would be required to pay under Labor Code section 1775. At the time the present action was instituted, this section provided in part that "[t]he contractor shall, as a penalty to the state or political subdivision on whose behalf the contract is made or awarded, forfeit twenty-five dollars ($25) for each calendar day, or portion thereof, for each workman paid less than the prevailing rates . . . ." (Stats. 1978, ch. 1249, § 2, p. 4061.)

For the same reasons as those given above, the DLSE's claim against the District for these penalties must fail. The recovery of statutory penalties by a state agency for failure to pay the prevailing wage on a public work does not fall within the ambit of the types of interests that are protected in actions between private persons, and therefore is not an injury for purposes of the Tort Claims Act. (See Gov. Code, § 810.8, and Cal. Law Revision Com. com., Deering's Ann. Gov. Code, § 810.8, *supra*, p. 125.) As was the case with the claim for the shortfall in wages, the claim for the penalties is predicated on the involvement of a public entity in the transaction; if the defendant awarding body were not a public entity, no liability for the penalties would ever arise. Furthermore, the DLSE is pursuing damages for injuries caused to the workers; because Labor Code section 1775 does not provide for the penalties to be paid to the workers, the workers would not be able to recover those penalties. It follows that the DLSE cannot recover them when it brings a cause of action for injury to the workers. Therefore, Government Code section 815.6 does not provide a cause of action against an awarding body for the recovery of the penalties authorized under Labor Code section 1775.[7]

### 4. *Leave to Amend Complaint*

The trial court sustained the District's demurrer to the DLSE's second amended cross-complaint without leave to amend. ██ "Where the complaint is defective, '[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily

where those rights are of the type that did not exist at common law. However we have no reason, in this case, to decide that question.

[7]Because we conclude that Government Code section 815.6 does not provide a cause of action for either the shortfall in wages or the penalties, we need not consider whether the DLSE's action was barred in large part by the statute of limitations, which formed an alternate basis for the Court of Appeal's decision and for the trial court's ruling on the demurrer. Nor do we need to reach the question of whether either public entity's immunity from punitive damages (Gov. Code, § 818) or immunity for an employee's misrepresentation (Gov. Code, § 818.8) protects the District from liability in this case.

constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]' " (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; see Code Civ. Proc., § 472c.) This abuse of discretion is reviewable on appeal "even in the absence of a request for leave to amend" (*Scott, supra,* 6 Cal.3d at p. 550, citing Code Civ. Proc., § 472c), and even if the plaintiff does not claim on appeal that the trial court abused its discretion in sustaining a demurrer without leave to amend. (*Baldwin* v. *Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 413-414 [145 Cal.Rptr. 406].)

Although the DLSE had the opportunity to amend the first amended cross-complaint, this leave to amend was granted for the sole purpose of permitting the DLSE to attempt to state a cause of action under Government Code section 815.6. It does not appear from these facts that the DLSE had a fair opportunity to amend its complaint to state a cause of action under any other legal theory. (See *Larwin-Southern California, Inc.* v. *JGB Investment Co.* (1979) 101 Cal.App.3d 626, 635 [162 Cal.Rptr. 52]; *Barquis* v. *Merchants Collection Assn., supra,* 7 Cal.3d at p. 103.)

The contract between the District and Imperial included a provision that the District, as Imperial's agent, would cause contractors to pay prevailing wages. From this language, it may be possible to allege that the workers on the construction project were thus third party beneficiaries of the contract between the District and Imperial. Accordingly, at our request, the parties have submitted supplemental briefs addressing whether the DLSE should be granted leave to amend its complaint to permit it to allege a cause of action on the theory that the workers were third party beneficiaries of this agreement.

We conclude that the DLSE should be granted leave to amend its complaint to allege a cause of action on a third party beneficiary theory. Because the DLSE has not yet attempted to plead this cause of action, and since the trial court has not ruled on its merits, we believe that any discussion of the viability of such a claim would constitute an advisory opinion. Accordingly, we do not decide here, nor do we express any opinion concerning, whether the DLSE will be successful on any amended complaint which states such a cause of action. Instead, the matter should be remanded to give the DLSE the opportunity to attempt to do so.[8]

---

[8]We note that in *Lusardi Construction Co.* v. *Aubry, supra,* 1 Cal.4th 976, this court held that the DLSE may proceed against Lusardi under the prevailing wage law to recover the unpaid wages. Obviously, if this case goes forward, the DLSE may not recover for the same

DISPOSITION

The judgment of the Court of Appeal is affirmed to the extent that it concludes that the DLSE has not stated a cause of action under Government Code section 815.6. The cause is remanded to the Court of Appeal, which shall direct the superior court to grant the DLSE leave to amend its complaint.

Lucas, C. J., Arabian, J., Baxter, J., and George, J., concurred.

**KENNARD, J.**—I dissent.

In this case the Division of Labor Standards Enforcement (the DLSE) has sued a public entity under the Tort Claims Act on behalf of workers who were injured when the public entity failed to perform its mandatory duties to enforce the prevailing wage law (Lab. Code, § 1720 et seq.) on a public works contract performed by a private contractor. The majority holds that the DLSE cannot recover unpaid wages on behalf of the workers because the injury here is not an injury to "the kind of interest[] . . . protected by the courts in actions between private persons." But the majority's assumption that an injury to an employee's interest in receiving unpaid wages is not an injury to an interest protected in actions between private persons is transparently false.

A worker who is paid less than the prevailing wage by a private contractor on a public works project has the right to prosecute a claim against that contractor for the unpaid wages due under law. The worker can proceed against the contractor in an action to which no public entity need be a party—an "action between private persons." The injury when a worker brings an action against a contractor for prevailing wages is identical to the injury when, as here, the DLSE, as the assignee of the worker, brings an action against the public entity for its failure to meet its mandatory duty to enforce the prevailing wage.

Apparently disturbed by the prospect that the public entity in this case may be liable for failing to comply with the prevailing wage law it is charged with enforcing, the majority grants it an escape from liability under the Tort Claims Act on the flimsiest of legal pretexts.

I

As we have recently noted in the companion to this case, *Lusardi Construction Co.* v. *Aubry* (1992) 1 Cal.4th 976, 981 [4 Cal.Rptr.2d 837, 824 P.2d

injury twice. (See *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 73 [17 Cal.Rptr. 369, 366 P.2d 641].) In such a case, the trial court may consider staying proceedings in one action while the other action is proceeding.

643] (*Lusardi*), the prevailing wage law governs wages and other conditions of employment on public works, which includes any construction work "done under contract and paid for in whole or in part out of public funds . . . ." (Lab. Code, § 1720, subd. (a).) All workers employed on public works costing more than $1,000 must be paid not less than the general prevailing wage determined by the Director of the Department of Industrial Relations. (Lab. Code, §§ 1770, 1771 & 1774.) The public entity awarding a public works contract, "or otherwise undertaking any public work," is required to obtain the prevailing wage rate from the Director and to provide notice of the rates in its call for bids, bid specifications, and contract, either by reciting the rates themselves or by specifying that the rates are on file in its office. (Lab. Code, §§ 1773, 1773.2.)

The prevailing wage law also requires the public entity to "take cognizance of violations [of the prevailing wage law] committed in the course of the execution of the contract," withhold amounts due as a result of underpayments of the prevailing wage from payments to the contractor, notify the DLSE of violations of the prevailing wage law, and assist the DLSE in court actions to recover the prevailing wage from contractors who have failed to pay the amounts due under the law. (Lab. Code, §§ 1726, 1727 & 1775.)

In this case, Tri-City Hospital District (the District), a public entity, in order to expand its hospital facilities entered into a written agreement with Imperial Municipal Services Group, Inc. (Imperial) under which Imperial would "sell" the completed construction project to the District. Imperial then appointed the District as its "agent" for all purposes on the construction project. The District, purportedly acting as agent for Imperial, then hired a private contractor, Lusardi Construction Co., to construct the project, without entering into the statutorily required stipulations that the contractor pay its employees the prevailing wage rates. (See *Lusardi, supra,* 1 Cal.4th at pp. 981-982.)

When this arrangement came to the attention of the DLSE, it filed an action against the District to recover the prevailing wages that were not paid as a result of the District's failure to comply with its obligations under the prevailing wage law.[1] Although the Labor Code authorizes actions by the DLSE on behalf of workers to collect wages (Lab. Code, § 98.3), it does not expressly establish a cause of action by the DLSE against an awarding body. Thus, in its second amended cross-complaint the DLSE sought to state a

---

[1]Nominally, the cross-complainant in this action is Lloyd W. Aubry, Jr., chief of the DLSE and Labor Commissioner. For convenience, the cross-complainant is referred to as "the DLSE" in this opinion.

cause of action against the District for breach of a mandatory duty under Government Code section 815.6, a part of the Tort Claims Act.[2]

## II

The majority holds that the District is not liable under Government Code section 815.6 because under that statute there is liability only for an "injury" as defined in Government Code section 810.8. That provision defines "injury" in relevant part as harm "to a person . . . of such nature that it would be actionable if inflicted by a private person."

The majority concludes that a worker's right to be paid the prevailing wage is not an interest protected in actions between private persons. Its holding is based on the Law Revision Commission Comment to Government Code section 810.8. That comment states that the definition of "injury" in section 810.8 was intended to encompass only "injuries to the kind of interests that have been protected by the courts in actions between private persons." (Cal. Law Revision Com. com., Deering's Ann. Gov. Code, § 810.8 (1982 ed.) p. 125.) The majority deduces that a worker's right to be paid a prevailing wage on a public works project is not an interest protected in actions between private persons, and therefore is not enforceable by means of an action under Government Code section 815.6, because the injury "is one which by its very nature could not exist in an action between private persons; if the defendant awarding body were not a public entity, there would be no injury." (Maj. opn., *ante*, at p. 968.)

The majority is wrong. The DLSE here seeks recovery of the unpaid prevailing wages that the workers were statutorily entitled to receive for their labor on the District's public works project. This same injury—the workers' monetary loss from denial of prevailing wages—is actionable in a suit between private persons—namely, a suit by a worker against the private contractor on the public works project. The soundness of this conclusion, which reveals the basic flaw in the majority's reasoning, becomes glaringly apparent from even a brief review of the pertinent law.

We held in *Lusardi*, *supra*, 1 Cal.4th at pages 986-988, that the obligation of a contractor to pay the prevailing wage on a public works project arises

---

[2]Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

separately from statute and from contract. The Legislature has recognized that individuals who are owed unpaid wages by employers have "valid and enforceable" claims against those employers that they may pursue independently or that the DLSE may pursue on their behalf. (Lab. Code, § 98.3, subd. (a).[3]) And, as we noted in *Lusardi*, the legislative history of the prevailing wage law shows that the Legislature intended remedies against the contractor for violation of the prevailing wage law to be cumulative and nonexclusive. (*Lusardi, supra*, 1 Cal.4th at p. 988, fn. 3.)

Thus, there can be no legitimate disagreement that a worker who is owed unpaid wages because a public works contractor failed to adhere to the statutory and contractual obligation to pay not less than the prevailing wage has a right of action against the contractor. The injury suffered in that situation is the same injury at issue in this case, in which the DLSE, the assignee of the workers as a matter of law (Lab. Code, §§ 96.7, 98.3), seeks recovery of unpaid wages on behalf of workers against a public entity that failed to comply with its obligations to assist in the enforcement of the prevailing wage law.

The majority attempts to obfuscate this matter by asserting that "a worker's action against an employer for unpaid statutorily required wages sounds in contract" and is, therefore, outside the scope of the Tort Claims Act. (Maj. opn., *ante*, at p. 969, fn. 5.) There are two things wrong with this assertion. It is untrue, and it is irrelevant.

The majority's claim is untrue because an action against a contractor for the payment of statutorily required wages is not dependent on a contractual agreement to pay statutorily required wages. We so held in *Lusardi, supra*, 1 Cal.4th 976, in the context of an action between a contractor and the Director of the Department of Industrial Relations. The same is true when a worker sues a contractor directly.

An example demonstrates the error of the majority's claim. An employer and an employee agree that the employee will work for the employer at a wage less than the prevailing wage. The employee then discovers that the wage the employee has agreed to is less than that required by statute. If the employee could sue only for breach of contract, the employee would have no

---

[3]Labor Code section 98.3, subdivision (a) provides:

"The Labor Commissioner may prosecute all actions for the collection of wages, penalties, and demands of persons who in the judgment of the Labor Commissioner are financially unable to employ counsel and the Labor Commissioner believes have claims which are valid and enforceable." Thus, the Legislature unmistakably contemplated that those persons who are able to employ counsel may directly prosecute actions for the collection of wages.

right of action, because the employer did not violate the contract. The employer, however, did violate the statute by paying less than the prevailing wage. In that situation, the employee has a statutory right of action. (Lab. Code, § 1194, subd. (a).[4]) The action is statutory in nature, and not contractual, because " 'the liability would not exist but for the statute, and the obligation is created by law in the absence of an agreement.' " (*Aubry* v. *Goldhor* (1988) 201 Cal.App.3d 399, 404 [247 Cal.Rptr. 205].)

Moreover, it is entirely irrelevant to this case whether a worker's action against a contractor for unpaid statutorily required wages "sounds in contract" or not. The determinative question is whether *the injury* alleged here is an injury "to the kind of interests that have been protected by the courts in actions between private persons." And here the injury—to the interest of workers on public works projects in receiving the prevailing wage guaranteed by the Labor Code—is the same no matter whether the cause of action is labeled contractual or statutory.

The majority's foundational assumption in this case—that the injury suffered when a public entity fails to fulfill its mandatory duty to assure that a contractor pays not less than the prevailing wage to workers on a public work is not an injury to "the kind of interest protected in actions between private persons"—is, therefore, false.

## III

The District advances several other grounds on which it asserts that its demurrer to the DLSE's complaint was properly sustained. I have reviewed those arguments, and have determined that they lack merit. But because the majority does not discuss additional arguments made by the District, I decline to address them here.[5]

---

[4]Labor Code section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

[5]I note, however, that the majority correctly concludes that the DLSE is not authorized to seek recovery under the Tort Claims Act of statutory penalties a contractor would be required to pay under Labor Code section 1775. Because a worker injured by a contractor's failure to pay the prevailing wage could not recover statutory penalties in addition to unpaid wages in an action against the contractor, the DLSE, acting on the worker's behalf under the Tort Claims Act, cannot recover the penalties either. (Gov. Code, § 815.6.)

I would reverse the judgment of the Court of Appeal.

Mosk, J., concurred.