[No. E029084. Fourth Dist., Div. Two. June 11, 2002.]

ANGEL A. LANDEROS et al., Plaintiffs and Appellants, v.
DEPARTMENT OF CORRECTIONS, Defendant and Respondent.

**COUNSEL**

Donahoo & Associates, Richard E. Donahoo; Cox, Castle & Nicholson, John S. Miller, Jr., and Julie E. Macedo for Plaintiffs and Appellants.

Bill Lockyer, Attorney General, Damon M. Connolly, Miguel A. Neri and Martin Goyette, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

Plaintiffs were construction workers on a prison built by Maranatha Production Company, L.L.C. (Maranatha) for the Department of Corrections of the State of California (Department). When plaintiffs were not paid prevailing wage on the project, they filed a class action lawsuit against various defendants, including Maranatha and the Department. After several procedural skirmishes, the lower court sustained the Department's demurrer to the second amended complaint without leave to amend. Now plaintiffs appeal, arguing their claims are viable against the Department for failure to discharge a mandatory statutory duty and for breach of contract as a third party beneficiary.

We reject plaintiffs' reliance on two cases, *Aubry v. Tri-City Hospital Dist.*,[1] and *Walt Rankin & Associates, Inc. v. City of Murrieta*.[2] As a general rule, construction workers on a public project cannot recover prevailing wages from a public entity on either the tort or contract theory advanced by plaintiffs. We affirm the judgment.

### 2. *Standard of Review*

The *Aubry* case articulates the proper standard of review: "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows

---

[1] *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962 [9 Cal.Rptr.2d 92, 831 P.2d 317].
[2] *Walt Rankin & Associates, Inc. v. City of Murrieta* (2000) 84 Cal.App.4th 605 [101 Cal.Rptr.2d 48] (*Rankin*).

there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]"[3]

### 3. *Mandatory Statutory Duty*

■ Government Code section 815, subdivision (a) states that, unless otherwise provided by statute, a public entity is not liable for any injury caused by its acts or omissions. A public entity's tort liability, therefore, must be based on statute.[4] To that end, Government Code section 815.6 provides a public entity can be liable for failure to perform a statutory duty: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Several statutes charged the Department with duties in connection with the prison project. The public works law[5] requires workers on public works be paid prevailing wages.[6] The Department, as the awarding body of a public works contract, must enforce the prevailing wage law.[7] A payment bond is also required on a public works project and "the payment bond covers the obligation to pay prevailing wages."[8] As a tort claim for relief under Government Code section 815.6, plaintiffs allege that the Department failed to discharge its mandatory duties to ensure compliance with the prevailing wage law and to approve an adequate payment bond under Civil Code sections 3247 and 3248. Plaintiffs particularly assert the payment bond was only $1,753,624 when it should have been at least $2.5 million.

The California Supreme Court held in *Aubry v. Tri-City Hospital Dist.* that the government may not be sued under Government Code section 815.6 for violating its mandatory duty under the prevailing wage law.[9] Plaintiffs acknowledge the *Aubry* holding prevents them from directly suing the Department under the prevailing wage law as stated in the Labor Code. But

---

[3]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at pages 966-967.

[4]*Rankin, supra,* 84 Cal.App.4th at page 613, citing *Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932 [80 Cal.Rptr.2d 811, 968 P.2d 522].

[5]Labor Code section 1720 et seq.

[6]Labor Code section 1771; *Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at page 967.

[7]Former Labor Code sections 1726, 1727, 1770, and 1773.2; *Lusardi Construction Co. v. Aubry* (1992) 1 Cal.4th 976, 987 [4 Cal.Rptr.2d 837, 824 P.2d 643].

[8]*Department of Industrial Relations v. Seaboard Surety Co.* (1996) 50 Cal.App.4th 1501, 1510 [58 Cal.Rptr.2d 532], footnote omitted; *Department of Industrial Relations v. Fidelity Roof Co.* (1997) 60 Cal.App.4th 411, 423 [70 Cal.Rptr.2d 465]; Civil Code sections 3247 and 3248.

[9]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at pages 967-970.

they contend this court's opinion in *Rankin* permits them to sue the Department under the payment bond statutes set forth in the Civil Code. We hold that *Rankin* does not apply and *Aubry* controls. However it is characterized, when the injury sought to be remedied is the denial of prevailing wages, *Aubry* precludes a claim against the public entity under Government Code section 815.6.

In *Aubry*, the Division of Labor Standards Enforcement (DLSE), on behalf of construction workers, sued a hospital district (District) for violation of its statutory duties under the prevailing wage law. The California Supreme Court held that the DLSE could not bring a claim against a public entity under Government Code section 815.6 for the following reason: "Here, the DLSE alleges that as a result of the District's failure to perform its mandatory duties, the workers were paid less than the prevailing wage *while engaged on a public work.* This injury is one which by its very nature could not exist in an action between private persons; if the defendant awarding body were not a public entity, there would be no injury. As a result, the injury alleged in this case is not included within the Tort Claims Act's definition of injury. Accordingly, the District is not subject to liability under Government Code section 815.6 for any failure to carry out its responsibilities under the Labor Code's prevailing wage provisions."[10]

In *Rankin*, a subcontractor, who built a playground for the City of Murrieta and was not paid by the general contractor, sued the city under Government Code section 815.6 for violating its mandatory duty to determine whether the surety providing the payment bond, Red Sea, was an admitted surety insurer under the payment bond statutes and the Bond and Undertaking Law.[11] We held that the city had a mandatory duty under Code of Civil Procedure section 995.660, subdivision (a)(3), to determine whether Red Sea was an admitted surety insurer.[12] In arriving at this conclusion, we did not discuss *Aubry* but focused on the duty imposed upon the public entity under Civil Code sections 3247 and 3248 and the bonds and undertakings law.[13] In failing to discharge its mandatory duty, we held the city was liable under Government Code section 815.6.[14]

The *Rankin* plaintiff claimed that the city's failure to investigate the surety on the payment bond deprived it of full payment on the subcontract. Here, plaintiffs claim the Department failed to require a sufficient bond, depriving

---

[10]*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at page 968.

[11]Code of Civil Procedure section 995.010 et seq; *Rankin, supra*, 84 Cal.App.4th at page 610.

[12]*Rankin, supra*, 84 Cal.App.4th at page 624.

[13]*Rankin, supra*, 84 Cal.App.4th at pages 622, 624, 625.

[14]*Rankin, supra*, 84 Cal.App.4th at pages 624, 628.

them of full compensation for their labor. While a superficial correlation may exist between the two situations, they are distinguishable.

First, the Department discharged its statutory duties. In accordance with the Department's statutory obligations, the contract between the Department and Maranatha provided Maranatha "shall comply with all applicable laws dealing with [prevailing] wage requirements . . . ." Regarding the payment bond, the parties disagree about whether the Department was subject to Civil Code sections 3247 and 3248 or Public Contract Code section 7103 and whether any payment bond was required and, if so, in what amount. But the contract required Maranatha to furnish the Department with a payment bond and Maranatha did so. And in their reply brief, plaintiffs concede that the Department's determination of the bond amount was discretionary, not mandatory.

As pleaded by plaintiffs, the Department could not be liable for failure to discharge a mandatory duty because, according to the allegations of the complaint, the Department performed its statutory duties. This is not a case like *Rankin* in which the City failed to confirm the bonding company was not an admitted surety in California.

*Aubry*, however, presents the greatest obstacle to plaintiffs. Because the quintessence of plaintiffs' claim is recovery of prevailing wages from a public entity, the claim is barred on its face under the holding in *Aubry*. To hold otherwise—to permit a claim for prevailing wages to be asserted as a claim under Government Code section 815.6—would vitiate the holding in *Aubry* and allow it to be easily circumvented. Therefore, the court correctly sustained the Department's demurrer to plaintiffs' cause of action for failure to discharge a mandatory statutory duty.

### 4. *Third Party Beneficiary Breach of Contract*

Plaintiffs' breach of contract claim is premised similarly to their tort claim. Plaintiffs' contract theory is that they are the third party beneficiaries of the Department and Maranatha's agreement, in which Maranatha agreed to pay its employees prevailing wages and also to post an adequate payment bond to insure the payment of prevailing wages. We decide plaintiffs cannot state a cause of action for breach of contract as a third party beneficiary of the contract between the Department and Maranatha.

Plaintiffs mistakenly rely on dicta in *Aubry*.[15] In *Aubry*, the high court proposed that the DLSE, as the assignee of construction workers' claims,

---

[15]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th 962.

might be able to bring a breach of contract claim against the hospital district on a third party beneficiary theory.[16] *Aubry*, however, expressly declined to decide this issue.[17] And the complicated factual situation in *Aubry* differs significantly from the present case.

In *Aubry*, the hospital district entered into an agreement with Imperial, a private corporation, to purchase an expansion of the District's existing facility. The District agreed to act as Imperial's agent to hire a general contractor, Lusardi, to oversee construction, and to assure that Lusardi paid its employees the prevailing wage as required on a public works project.[18]

With little discussion of the issue, the court suggested the complaint could be amended: "The contract between the District and Imperial included a provision that the District, as Imperial's agent, would cause contractors to pay prevailing wages. From this language, it may be possible to allege that the workers on the construction project were thus third party beneficiaries of the contract between the District and Imperial. . . . [¶] We conclude that the DLSE should be granted leave to amend its complaint to allege a cause of action on a third party beneficiary theory. Because the DLSE has not yet attempted to plead this cause of action, and since the trial court has not ruled on its merits, we believe that any discussion of the viability of such a claim would constitute an advisory opinion. Accordingly, we do not decide here, nor do we express any opinion concerning, whether the DLSE will be successful on any amended complaint which states such a cause of action. Instead, the matter should be remanded to give the DLSE the opportunity to attempt to do so."[19]

The critical distinction between *Aubry* and the present case is that in *Aubry* the District assumed a nonstatutory, contractual obligation to Imperial make sure Lusardi paid prevailing wages. Thus, although the District could not be liable for its failure to discharge a statutory duty, its superseding contractual obligation could potentially expose it to liability to the employees seeking prevailing wages. Here it was Maranatha, not the Department, promising to pay prevailing wages to construction workers. The contract clearly provides that it is Maranatha's obligation to pay prevailing wages. The Department's only obligation was to comply with state law. If the Department failed in this respect, as discussed above, the Department could not be held liable for failing to discharge its mandatory statutory duty to ensure compliance with the prevailing wage law. Nor did the Department assume any subsequent

---

[16]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at page 971.
[17]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at page 971.
[18]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at page 965.
[19]*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at page 971.

contractual obligation, as did the District in *Aubry*, making it potentially liable to the construction workers.

### 5. *Disposition*

We affirm the judgment. Defendants shall recover their costs on appeal.

McKinster, Acting P. J., and Richli, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 25, 2002.