41 Cal.Rptr.3d 673 (2006)
138 Cal.App.4th 972
Margarito VIOLANTE et al., Plaintiffs and Appellants,
v.
COMMUNITIES SOUTHWEST DEVELOPMENT AND CONSTRUCTION COMPANY et al., Defendants and Respondents.
No. E037333.
Court of Appeal, Fourth District, Division Two.
March 16, 2006.
*674 Law Offices of Herb Fox, Herb Fox, Santa Barbara; Donahoo & Associates and Richard E. Donahoo, Santa Ana, for Plaintiffs and Appellants.
Mundell, Odlum & Haws and James A. Odlum, San Bernardino, for Defendant and Respondent Yucaipa Valley Acres.
Gresham, Savage, Nolan & Tilden, Theodore K. Stream, Riverside, William C. Holzwarth, San Bernardino; Cox, Castle & Nicholson, John S. Miller, Jr. and Dwayne P. McKenzie Los Angeles, for Defendants and Respondents Communities Southwest Development et al.
Weinberg, Roger & Rosenfeld, Sandra Rae Benson, Pasadena, Patricia M. Gates and Roberta D. Perkins, Oakland, for Northern California Electrical Construction Industry Labor-Management Cooperative Trust and Work Preservation Fund, a non-profit labor/management cooperative venture and Northern California Basic Crafts Alliance on behalf of Plaintiff and Appellant Margarito Violante.

OPINION
GAUT, J.

1. Introduction

We hold that a subcontractor's employee on a public works project cannot sue the prime or general contractor on theories of statutory or contractual liability for the nonpayment of prevailing wages by the subcontractor, the employee's direct employer. *675 Although both sides on this issue have advanced compelling public policy arguments in favor of their respective positions, we deem those more appropriate for legislative rather than judicial consideration. (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 632, 59 Cal.Rptr.2d 671, 927 P.2d 1175; Crusader Insurance Co. v. Scottsdale Insurance Co. (1997) 54 Cal.App.4th 121, 134, 62 Cal.Rptr.2d 620.) Our review of the statutory scheme governing prevailing wages finds no private right of action for enforcement by a subcontractor's employee against other parties than the subcontractor. In addition, we reject plaintiffs' theories of recovery based on principles of third-party breach of contract and unfair competition.
Plaintiffs are construction workers seeking to launch a class action against defendants for recovery of prevailing wages. Plaintiffs appeal from a judgment after the trial court sustained without leave to amend the demurrers of defendants Communities Southwest Development and Construction Company and Chapman Heights (collectively "Chapman Heights"), and Yucaipa Valley Acres.

2. Factual and Procedural Background

For purposes of appeal, we take as true the facts asserted in the first amended complaint. (Hensler v. City of Glendale (1994) 8 Cal.4th 1, 8, fn. 3, 32 Cal.Rptr.2d 244, 876 P.2d 1043.)
Plaintiffs are three individuals formerly employed as construction workers on the Chapman Heights project, a master planned community of 2,000 residences, including many public improvements, costing more than $65 million.
Defendant Chapman Heights is a limited partnership and a contractor. Communities Southwest Development and Construction Company is a real estate developer and the general partner of Chapman Heights. Yucaipa Valley is also a limited partnership and a real estate developer and contractor. Other defendants, not parties to this appeal, are S.J. Burkhardt, Inc., a contractor, and Raymond David Paci, an individual doing business as Pacific Structures, a contractor. (According to defendants, Burkhardt employed Pacific Structures, plaintiffs' immediate employer.)
As part of the development and construction of the project, Chapman Heights, Yucaipa Valley, and the City of Yucaipa entered into a Reimbursement Credit Agreement. Chapman Heights and the City of Yucaipa's Community Facilities District entered into a Community Facilities District Agreement.
Plaintiffs allege they, and hundreds or thousands of other workers, were paid less than prevailing wages as required by Labor Code section 1770 et seq.[1] for public works projects. Plaintiffs assert three causes of action against these defendants: violation of section 1774; breach of contract; and unfair business practices. The trial court sustained defendants' demurrers without leave to amend. Two additional causes of action remain against other defendants for conversion and recovery under payment bonds.

3. Amicus Curiae Briefs and Requests for Judicial Notice

We have accepted amicus curiae briefs supporting plaintiffs' position from the Northern California Electrical Construction Industry Labor-Management Cooperative Trust and Work Preservation Fund and the Northern California Basic Crafts Alliance.
*676 Plaintiffs filed a request for judicial notice asking this court to take notice of legislative history for sections 1772 and 1774, dating from 1931 to 1941, and an opinion letter, dated January 6, 2005, from the Department of Industrial Relations. These items were not part of the lower court's record. (Evid.Code, § 452, subd. (c).)
Plaintiffs' request suffers from some of the deficiencies observed in Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc. (2005) 133 Cal.App.4th 26, 29, 34 Cal.Rptr.3d 520: "The various documents are not segregated and no attempt is made in a memorandum of points and authorities to justify each request for judicial notice." Plaintiffs have submitted as part of the legislative history: a Senate Final History (1931); a Legislative Digest (1931); Statutes of California (1931); a report from the Department of Industrial Relations (1933-1937); a proposed Labor Code (1936); an Assembly Final History (1937); a Legislative Digest (1937); Statutes of California (1937); a Summary Digest (1937); and a Report of the California Code Commission (1941). Also submitted as part of the legislative history are some 1931 articles of the "Labor Clarion," identified as the official journal of the San Francisco Labor Council, and some pages from an undated article about prevailing wages law published by the University of Pennsylvania.
As enumerated in Kaufman, supra, 133 Cal.App.4th at pages 31-39, 34 Cal.Rptr.3d 520, some of these categories of documents may qualify as legislative history; some obviously do not. The proposed and final versions of statutes and the final histories, digests, and commission reports constitute legislative history. (Kaufman, supra, at pp. 31-36, 34 Cal.Rptr.3d 520.) But the journal and Penn articles are clearly not legislative materials. (Kaufman, supra, at pp. 37-38, 34 Cal.Rptr.3d 520.)
Defendants oppose plaintiffs' request. We agree that neither the legislative materials nor the Department's opinion letter are demonstrably relevant or material to the issue on appeal because, as discussed below, we do not find the subject statutes to be ambiguous. (Kaufman, supra, 133 Cal.App.4th at p. 30, 34 Cal.Rptr.3d 520; Helene Curtis, Inc. v. Los Angeles County Assessment Appeals Board (2004) 121 Cal.App.4th 29, 36, fn. 7, 16 Cal.Rptr.3d 658; People ex rel. Lockyer v. Shamrock Foods Co. (2000) 24 Cal.4th 415, 422, fn. 2, 101 Cal.Rptr.2d 200, 11 P.3d 956.) The legislative materials and the opinion letter do not support plaintiffs' position that a prime contractor is liable by statute to a worker it did not employ directly. The opinion letter was generated after entry of judgment in this case and was never considered by the trial court. We deny plaintiffs' request for judicial notice.
Northern California Basic Crafts Alliance filed a second request for judicial notice asking the court to take notice of three labor master agreements, also not part of the lower court's record. We deny the latter request: "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally `when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' (Reserve Insurance Co. v. Pisciotta (1982) 30 Cal.3d 800, 813, 180 Cal.Rptr. 628, 640 P.2d 764.)" (Vons Companies, Inc. v. Seabest Foods, Inc. (1996) 14 Cal.4th 434, 444, fn. 3, 58 Cal.Rptr.2d 899, 926 P.2d 1085; Evid. Code, §§ 452, subd. (h), and 459.)

4. Violation of Labor Code Section 1774 and Unfair Competition

Our task here, and with the other causes of action, is to determine whether *677 plaintiffs can state a cause of action, in this instance, for a statutory violation of section 1774. (Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.) The trial court ruled: "It's the Court's belief that the plaintiff has read the labor code too broadly [and] that the requirement is that the contractor pay his employees the prevailing wage and that the subcontractors pay their workers the prevailing wage. And plaintiff has cited no authority for the broad reading of that code section. [¶] And since plaintiff has been given a prior opportunity to plead an employment relationship and they have not done that at this time, I would make it without leave to amend."
We begin by stating what may be obvious but still deserves emphasis. The right to receive prevailing wages exists by statute. (§ 1771.) Plaintiffs' claims are founded on several sections of the Labor Code arising out of the public works law, section 1720 et seq. Section 1772 states: "Workers employed by contractors or subcontractors in the execution of any contract for public work are deemed to be employed upon public work." Section 1722.1 explains: ". . . `contractor' and `subcontractor' include a contractor, subcontractor, licensee, officer, agent, or representative thereof, acting in that capacity, when working on public works. . . ." Section 1774 provides: "The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract."
Plaintiffs contend defendants violated section 1774 because plaintiffs were not paid prevailing wages by their direct employer, a subcontractor. This is an untenable interpretation. The Labor Code provides a contractor and a subcontractor must pay prevailing wages to their respective employees on a public works project, not that a contractor must pay prevailing wages to a subcontractor's employees.
The plain language of the statutes fails to support plaintiffs' interpretation. (Herman v. Los Angeles County Metropolitan Transportation Authority (1999) 71 Cal.App.4th 819, 826, 84 Cal.Rptr.2d 144.) The entire statutory framework gives no indication of a private right of action by a subcontractor's employee against a prime contractor. To import one would not be consistent with a harmonious interpretation of the statutory scheme. (State Farm Mutual Automobile Ins. Co. v. Garamendi (2004) 32 Cal.4th 1029, 1043, 12 Cal.Rptr.3d 343, 88 P.3d 71; Southern Cal. Lab. Management etc. Committee v. Aubry (1997) 54 Cal.App.4th 873, 881-882, 63 Cal.Rptr.2d 106.)
Plaintiffs have a right of action against the subcontractor, their direct employer, (Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc. (2002) 102 Cal.App.4th 765, 775-779, 125 Cal.Rptr.2d 804; § 1194, subd. (a).) Additionally, a joint labor-management committee may bring an action against a direct employer who does not pay prevailing wages to its employees. The labor commissioner may also seek penalties against the contractor and any contractor under him. (§ 1775, subd. (a).) Other administrative remedies are available. (Mobley v. Los Angeles Unified School District (2001) 90 Cal.App.4th 1221, 1232-1233, 109 Cal.Rptr.2d 591.) But the Labor Code nowhere requires the contractor to pay prevailing wages to a subcontractor's employee or permits a subcontractor's employee to sue the prime contractor when the subcontractor fails to pay prevailing wages.
As set forth in the Labor Code, Division 2, Part 7, Chapter 1, the Public Works Law, the labor commissioner determines whether there has been any violation of *678 the prevailing wage law and then issues wage and penalty assessments. (§§ 1741, 1775, subd. (a).) Section 1743 assesses joint and several liability against the contractor and the subcontractor for these assessments. (O.G. Sansone Co. v. Department of Transportation (1976) 55 Cal.App.3d 434, 462, 127 Cal.Rptr. 799.) But again, it is the labor commissioner, not an employee, who pursues such claims. No ambiguity in the foregoing language or statutory scheme causes us to need elucidation from the legislative history.
Furthermore, as described in section 1775, subdivision (b), the prime contractor is not liable for any monetary penalties unless the prime contractor knew the subcontractor had not paid prevailing wages to the subcontractor's workers or unless the prime contractor fails to provide for the payment of prevailing wage in its contract with the subcontractor; to monitor such payments by reviewing the payroll records of the subcontractor; to undertake withholding, if necessary; and to obtain an affidavit from the subcontractor asserting payment was made. (§ 1775, subd. (b).) Even if there existed a private right of action, plaintiffs have not pleaded any facts supporting liability as identified in section 1775, subdivision (b).
Finally, in addition to an administrative remedy through the labor commissioner, plaintiffs have other remedies they may pursue, including breach of contract against their employer; rescission and restitution for deceit, fraud, or misrepresentation; and unfair competition claims (Tippett v. Terich (1995) 37 Cal.App.4th 1517, 1532-1539, 44 Cal.Rptr.2d 862), as well as recovery on a payment bond. (Powers Regulator Co. v. Seaboard Surety Co. (1962) 204 Cal.App.2d 338, 346, 22 Cal.Rptr. 373.) But the latter does not create a statutory obligation by the contractor to pay prevailing wages to a subcontractor's employees. Nor do we find a private right of action delineated in Reynolds v. Bement (2005) 36 Cal.4th 1075, 32 Cal.Rptr.3d 483, 116 P.3d 1162, a case that involved overtime claims against a corporate employer's officers, directors, and shareholders, not a claim for prevailing wages against the prime contractor on a public work.
In the absence of a valid claim for violation of the prevailing wages law, plaintiffs also cannot successfully allege unfair business practices or unfair competition under the Business and Professions Code. (Van Ness v. Blue Cross of California (2001) 87 Cal.App.4th 364, 376, 104 Cal. Rptr.2d 511.) Some underlying wrongful conduct must exist. As stated in Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 177, 96 Cal.Rptr.2d 518, 999 P.2d 706: "We conclude that orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by [Business and Professions Code] section 17203. The employer has acquired the money to be paid by means of an unlawful practice that constitutes unfair competition as defined by section 17200." In contrast, the present case did not involve an unlawful practice by plaintiffs' employer that constitutes unfair competition. (Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134, 1151, 131 Cal.Rptr.2d 29, 63 P.3d 937.)

5. Breach of Contract

Plaintiffs allege they are the third-party beneficiaries of the contracts between Chapman Heights, Yucaipa Valley, and the City of Yucaipa and its Communities Facilities District because those contracts provided generally that defendants would comply with the law governing public works and prevailing wages should be paid to workers on the project.
*679 The Reimbursement Credit Agreement, between the three defendants provided the developer was required to: "[U]se Public Contract Code procedures to obtain competitive bids for the construction of the improvements and/or facilities. Said procedure shall include but not be limited to the following: [¶] . . . [¶]
"2. PREVAILING WAGES. The contractor is subject to the payment of general prevailing wages, as authorized by Section 1773 of the Labor Code for the State of California, as applicable to public works contracts; . . ."
The Communities Facilities District Agreement provided that Chapman Heights was required to submit: "(iii) a certificate of [Chapman Heights] . . . that the improvements being required were constructed as if they had been constructed under the direction and supervision, or under the authority of the City, the Water District, or the Flood Control District, as applicable, including payment of the prevailing wages. . . ."
The trial court ruled: "The added language that is found in the first-amended complaint that the  each of the defendants, demurring defendants, breached the involved contracts . . . by failing to pay the workmen prevailing wages does not set forth sufficient facts to support this cause of action in light of the contracts themselves.
"The reimbursement credit agreement provides that the developers are to comply with the public contract code procedures including the requirement that contractors pay the prevailing wage.
"In the Landeros versus Department of Corrections case [Landeros v. Department of Corrections (2002) 99 Cal.App.4th 271, [120 Cal.Rptr.2d 867]], the Court held that the construction workers could not go after the Department since the contract provided that the contractor was obligated to pay the prevailing wage, not the department that is involved; and they were in a similar situation here.
"As to the allegation that Chapman Heights had a contractual agreement under the Community Facilities Act agreement because they were to certify certain things; including that the workers were paid with prevailing wage, that agreement was that they were to certify that before they were paid, and it did not obligate Chapman Heights to pay those wages."
The law recognizes that, where a contractor and a public agency agree in their contract that employees of the contractor will be paid prevailing wages, the employee may bring a contract action against the employer based on third-party beneficiary principles. (Tippett, supra, 37 Cal.App.4th at pp. 1533, 1539, 44 Cal.Rptr.2d 862.) But an employee could not sue the public agency, either for breach of contract or under statute. The only possible recovery by plaintiff could occur if the agency had assumed a specific contractual obligation to pay prevailing wages. (Landeros, supra, 99 Cal.App.4th at pp. 277-278, 120 Cal.Rptr.2d 867.) Here, plaintiffs are not suing their employer. Nor are they suing defendants on a direct contractual obligation to pay prevailing wages. Therefore, plaintiffs have failed to state a cause of action for breach of contract against these defendants.

6. Disposition

We affirm the judgment and order defendants, the prevailing parties, to recover their costs on appeal.
We concur: RAMIREZ, P.J., and KING, J.
NOTES
[1] Unless stated otherwise, all statutory references are to the Labor Code.