542

Scott WOOD; et al., Plaintiffs—
Appellants,

v.

VALENTINE SURFACING,
Defendant—Appellee.

No. 08–15049.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2009.*

Filed March 20, 2009.

Mark R. Thierman, Esq., Thierman Law Firm, Reno, NV, for Plaintiffs–Appellants.

Mark R. Thierman, Esq., Porter–Simon, P.C., Truckee, CA, for Defendant–Appellee.

Before: HUG, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Scott Wood and other truck driver plaintiffs sued Valentine Surfacing ("Valentine") because Valentine did not ensure that plaintiffs' employer, Harco Company ("Harco"), paid the plaintiffs salaries at "prevailing wage" rates for work performed on California and Nevada public works contracts. Valentine successfully moved for summary judgment on the ground that since it did not employ Wood and his fellow plaintiffs, it was not obligated under California law[1] to ensure Harco paid them "prevailing wages"; similarly, since Valentine had not contracted with the State of Nevada[2] and was not an "original contractor" under Nevada law,[3] it was under no such obligation. The record supports Valentine. Thus, we affirm the judgment of the district court.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Violante v. Cmts. Sw. Dev. and Constr. Co.,* 138 Cal.App.4th 972, 978, 41 Cal.Rptr.3d 673 (2006).

2. Nev.Rev.Stat. § 338.020.

3. Nev.Rev.Stat. § 608.150(1); *see* Black's Law Dictionary, "original contractor" (8th ed.2004); *Schuler v. Golden,* 37 Nev. 281, 142 P. 221, 224 (1914) (differentiating an "original contractor" from a "subcontractor").