Filed 1/20/15  Atom Express v. Schuff Steel Co. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ATOM EXPRESS, INC., | B253374 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC507411) |
| v. | |
| SCHUFF STEEL COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Fruin, Judge.  Affirmed.

Prima Law Group, Naveen Madala and Noah K. McCall, for Plaintiff and Appellant.

Gibbs Giden Locher Turner Senet & Wittbrodt, Richard J. Wittbrodt, Christopher E. Ng, Sara H. Kornblatt and Molly E. Healy for Defendant and Respondent.

_____

Atom Express, Inc. filed suit against Schuff Steel Company as a result of a dispute arising concerning freight delivery charges. Schuff successfully demurred to the complaint, and Atom Express appeals. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2012, Atom Express sued Schuff and others in federal district court to collect unpaid freight fees for delivering large volume steel pipes to Schuff from April through June of 2011.[1] Schuff moved to dismiss the action based on a lack of subject matter jurisdiction. Atom Express consented to the dismissal of the action without prejudice, and the court dismissed the case on March 6, 2013, for lack of subject matter jurisdiction.

On April 30, 2013, Atom Express filed a new action in state court against Schuff and others seeking unpaid freight fees and asserting other claims. Schuff demurred to the complaint on, inter alia, statute of limitations grounds. The trial court agreed that Atom Express's claims against Schuff were barred by the statute of limitations and were otherwise deficient. The court dismissed the complaint against Schuff. Atom Express appeals.

## DISCUSSION

Because the dispute between Atom Express and Schuff arises from interstate shipments and Atom Express seeks to recover interstate freight charges, it is undisputed that the applicable statute of limitations is set forth in 49 U.S.C. section 14705, subdivision (a), which provides, "A carrier providing transportation or service subject to jurisdiction under chapter 135 [49 U.S.C. § 13501 et seq.] must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues." This provision preempts any state law that would provide a

---

[1] Atom Express has requested judicial notice of the complaint and first amended complaint in the federal action, Schuff's motion to dismiss, the order of dismissal, and two legislative history documents. We take judicial notice of the four documents from the federal court action, but decline to take judicial notice of the legislative history as it is unnecessary to the resolution of this matter. (Evid. Code, § 452.)

2

longer limitations period for interstate freight charges. (*Emmert Indus. Corp. v. Artisan Associates* (9th Cir. 2007) 497 F.3d 982, 988-991.)

It is also undisputed that the latest possible date the statute of limitations could have commenced was July 12, 2011, the date of the last delivery that is the subject of the action. The parties, therefore, agree that under 49 U.S.C. section 14705, the 18-month statute of limitations expired on January 12, 2013. This action was not filed until April 30, 2013.

Atom Express argued, however, that the statute of limitations should be equitably tolled. In ruling on the demurrer, the trial court declined to apply equitable tolling based on the facts as pleaded in the complaint. We review the ruling on the demurrer de novo. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

When a complaint shows on its face or on the basis of judicially noticeable facts that a cause of action is barred by the applicable statute of limitations, the plaintiff must plead facts that show an excuse, tolling, or some other basis for avoiding the statutory bar. (*Grange Debris Box & Wrecking Co. v. Superior Court* (1993) 16 Cal.App.4th 1349, 1359-1360, disapproved on another ground in *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 388.) Here, Atom Express made no effort to plead facts that showed tolling or any basis for avoiding the statutory bar. The complaint did not mention the now-dismissed federal action, nor did it assert any facts to support a determination that equitable tolling applied. Because the facts alleged in the complaint established that the statute of limitations had run, and Atom Express did not plead facts from which it could be concluded that the statute of limitations was tolled, the trial court properly sustained the demurrer.

"If we see a reasonable possibility that the plaintiff could cure the defect by amendment, then we conclude that the trial court abused its discretion in denying leave to amend. If we determine otherwise, then we conclude it did not." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "To satisfy this burden, '"a plaintiff 'must show in what manner he can

3

amend his complaint and how that amendment will change the legal effect of his pleading'"" by clearly stating not only the legal basis for the amendment, but also the factual allegations to sufficiently state a cause of action. [Citation.]" (*Graham v. Bank of America* (2014) 226 Cal.App.4th 594, 618.) Atom Express requested leave to amend in its opening brief on appeal, but neither in its opening brief nor in its reply brief did it seek leave to amend to supply additional factual allegations with respect to the statute of limitations, and there is no indication in the record that Atom Express sought leave to amend on this basis in the trial court.[2] Accordingly, Atom Express has not demonstrated a reasonable possibility that the statute of limitations defect can be cured by amendment, and the trial court did not abuse its discretion in denying leave to amend.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

ZELON, J.

We concur:

WOODS, Acting P. J.　　　　　　　　FEUER, J.[*]

---

[2]　　　Atom Express did not waive the issue if it failed to request leave to amend in the trial court (Code Civ. Proc., § 472c, subd. (a)), but in the absence of a discussion of leave to amend in the opposition papers and no transcript of the hearing on the demurrer, we cannot look to the trial court proceedings on the demurrer to determine whether Atom Express met its burden of proving a reasonable possibility that it could amend the complaint to state a timely claim.

[*]　　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4