Filed 4/1/15  Novak v. Bank of America CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES T. NOVAK,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>    Defendants and Respondents. | G050711<br><br>(Super. Ct. No. RIC1204486)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside County, Paulette Durand-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part and reversed in part.

Dennis Moore for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Jon D. Ives, Navdeep K. Singh and Kerry W. Franich for Defendant and Respondent Bank of America, N.A.

H. G. Long & Associates, H. G. Long; and Shameka Womack for Defendant and Respondent Matthew M. Soto, Jr.

Plaintiff and appellant Charles T. Novak appeals from a judgment entered after the court sustained without leave to amend the demurrers of defendants Bank of America, N.A. (BofA) and Matthew M. Soto, Jr., to his second amended complaint (complaint). Although the allegations are styled in a variety of causes of action, the complaint essentially asserts BofA improperly completed a nonjudicial foreclosure and sale of property to Soto after plaintiff defaulted on a note secured by a deed of trust. On appeal plaintiff argues each of the causes of action is sufficiently pleaded and if any are not he should be given the opportunity to amend.

We agree the causes of action for promissory estoppel, fraud, and unfair competition (Bus. & Prof. Code, § 17200) against BofA were sufficiently pleaded and reverse as to them only. The other claims are insufficient and plaintiff has not shown they could be amended. The causes of action against Soto are likewise insufficient and there is no basis on which they could be amended. We affirm the judgment as to Soto.

## FACTS AND PROCEDURAL HISTORY

According to the complaint, in 2006 plaintiff borrowed $400,000 from Countrywide Bank, N.A. (Countrywide). The obligation was evidenced by a promissory note (Note) secured by a deed of trust (Deed of Trust) on property in Riverside, California (Property). The Deed of Trust showed Mortgage Electronic Registration Systems, Inc. (MERS) as the lender's nominee and beneficiary and ReconTrust Company, N.A. as the trustee.

In November 2010 an Assignment of Deed of Trust (Assignment) was recorded. On its face it shows that MERS transferred all of its beneficial interest in the Deed of Trust and the Note to BAC Home Loans Servicing, LP.[1] It was signed on behalf of MERS by T. Sevillano, assistant secretary.

---

[1] BofA is its successor by merger.

2

Sometime in 2011 an unnamed agent of plaintiff contacted BofA to seek a modification of plaintiff's loan. The agent spoke to Bonnie Stannick, a customer service representative in BofA's loss mitigation department. Stannick had been trained and knew of BofA's loan modification procedures and was authorized to advise homeowners of the status of their modification applications.

On November 17, Stannick told the agent there would be no foreclosure sale during modification negotiations, the foreclosure sale would be "suspended" to January 17, and plaintiff's loan modification would be completed on January 17. On December 30, the Property was sold to Soto at the foreclosure sale. ReconTrust executed the Trustee's Deed Upon Sale (Trustee's Deed), which stated all legal requirements as to the notice of default and notice of trustee's sale had been fulfilled.

Plaintiff then filed this action. The complaint contains seven causes of action against BofA: promissory estoppel, fraud, cancellation of the Assignment, to set aside the trustee's sale (also against Soto), cancellation of the trustee's deed (also against Soto), for declaratory relief, and for violation of Business and Professions Code, section 17200 (UCL). We set out the relevant allegations of the various causes of action in the discussion particular to them.

**DISCUSSION**

*1. Introduction*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. [Citation.]" (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We do not assume the truth of "contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) "[W]e give the complaint a reasonable interpretation, and read it in context. [Citation.]" (*Schifando*, at p. 1081.) If the demurrer can be sustained on any ground raised, we must affirm. (*Ibid.*) When the court sustains a demurrer without leave to

3

amend and a plaintiff seeks leave to amend, he must demonstrate how he could state a valid cause of action.  (*Ibid*.)

## 2.  *Promissory Estoppel*

Plaintiff alleges Stannick promised BofA would modify his loan and delay foreclosure until the modification was completed, and BofA reasonably should have known he would rely on those promises.  Plaintiff also alleges he did in fact rely on them because he did not take any action to avoid the foreclosure.  Had plaintiff known otherwise he would have filed chapter 13 bankruptcy or "attempted a short sale in order to preserve his credit."  As a result of his reliance, he lost his home and was damaged in excess of $50,000 because he "did not save his home" by filing bankruptcy, trying to borrow money from friends or family, or seeking a short sale.

"As a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable. [Citations.]" (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1039.)  "The doctrine of promissory estoppel 'make[s] a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange.'  [Citations.]" (*Id*. at pp. 1040-1041.)

The elements of a promissory estoppel claim are a clear and unambiguous promise, reasonable and foreseeable reliance by the promisee, detrimental reliance, and the necessity of enforcement of the promise to avoid injustice.  (*West v. JPMorgan Chase* (2013) 214 Cal.App.4th 780, 803.)  Under promissory estoppel, "'a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'  [Citation.]" (*Garcia v. World Savings, FSB, supra,* 183 Cal.App.4th at p. 1041 [valid promissory estoppel claim where the plaintiffs obtained loan with unfavorable terms to prevent foreclosure; after alleged promises to defer foreclosure, bank went to sale].)

Here, plaintiff alleged that in reliance on Stannick's representations his loan modification would be completed on January 17 and the foreclosure sale would not take place before that date he took no action to avoid foreclosure, i.e., filing a chapter 13 bankruptcy, seeking a short sale, or trying to borrow money from family and friends.

The allegation he would have filed bankruptcy is conclusory and insufficient. Plaintiff pleaded no facts he took any steps to do so. Contrast *Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 227 where the defendant promised to work with the plaintiff to modify and reinstate her loan if she refrained from converting her chapter 7 bankruptcy to a chapter 13 plan or opposing the defendant's motion to lift the bankruptcy stay. Once the stay was lifted, the defendant foreclosed. The court found promissory estoppel. (*Ibid*.)

Even had plaintiff filed a chapter 13, the bankruptcy court could not have modified his loan to change the monthly payments or extend the term. Its only power was to allow plaintiff to reinstate the loan by paying off his arrearages and resume making the original loan payments. (*Aceves v. U.S. Bank, N.A.*, *supra*, 192 Cal.App.4th at p. 227.) Plaintiff did not allege he was willing or able to reinstate his loan and make regular payments, nor did he argue he could amend to allege those facts.

The allegation plaintiff would have attempted a short sale is also insufficient. There was no guarantee of a short sale. As BofA points out, it would have to have been willing to accept less than the amount due. (See *Espinoza v. Bank of America, N.A.* (S.D.Cal. 2011) 823 F.Supp.2d 1053, 1059.)

However, the allegation plaintiff would have tried to borrow money from friends and family, although thin, satisfies the requirement the complaint allege forbearance. In ruling on a demurrer we accept the truth of the allegation, no matter how unlikely. (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.) We do not concern ourselves with whether plaintiff will be able to prove the alleged fact. (*Ibid*.)

*3. Fraud*

The fraud cause of action is similar to the promissory estoppel claim. Stannick represented to plaintiff that his loan would be modified and the foreclosure sale would be delayed until then.  BofA made the representations to induce plaintiff to believe them so he would not take any steps to stop the foreclosure.  Plaintiff had no reason to believe the representations were false and relied on them by refraining from filing a chapter 13 bankruptcy or seeking a short sale or borrowing money from family or friends.  Plaintiff was thereby damaged in a sum of more than $50,000.

A fraud cause of action must plead a misrepresentation made with knowledge of its falsity and with intent to defraud, justifiable reliance, and resulting damage.  (*Robinson Helicopter Co.*, *Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990.)  The main issue in dispute is plaintiff's justifiable reliance.  Again, although the allegations regarding filing bankruptcy and attempting a short sale are insufficient, based on the standard of review, the allegation plaintiff would have tried to borrow money satisfies this element.  (*Berg & Berg Enterprises*, *LLC v. Boyle*, *supra*, 178 Cal.App.4th at p. 1034.)

*4. Unfair Business Practices*

The UCL prohibits an "unlawful, unfair or fraudulent business practice." Plaintiff pleads BofA violated Civil Code section 2924g, subdivision (c)(1)(C) by conducting the foreclosure sale in violation of its promise to postpone it during negations.  Plaintiff's UCL claim derives from the facts underlying the promissory estoppel and fraud causes of action, i.e., BofA's alleged promise to postpone the foreclosure sale.  (Civ. Code, § 2924g, subd. (c)(1)(C).)[2]  As such, his UCL cause of action is sufficient for

---

[2]  The complaint also based this cause of action on an alleged violation of Commercial Code section 3301 et seq.  This claim is not pursued in the appeal and is thereby waived.

the reason those two causes of action pass muster.   (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 277.)

*5.  Remaining Causes of Action*

The remaining causes of action, to cancel the Assignment, set aside the trustee's sale, cancel the Trustee's Deed, and for declaratory relief [3] are all based on the allegation that neither the Note nor the Deed of Trust was properly assigned, and therefore the trustee's sale was void.  Specifically, plaintiff relies first on his allegations that Sevillano was not an agent or employee of MERS or Countrywide and had no authority to execute the Assignment.  As a result, BofA had no interest in the Property and could not foreclose.  Second, plaintiff alleges BofA had no interest in the Note or underlying debt.  These claims fail.

The authority of Sevillano to act on behalf of MERS to execute the Assignment is not relevant to the causes of action.  A notice of default may be recorded by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents."  (Civ. Code, § 2924, subd. (a)(1).)  Here, the complaint contains no facts as to who recorded the notice of default, only vaguely alleging BofA "exercis[ed] the power of sale."  But ReconTrust was the trustee under the Deed of Trust, and ReconTrust signed the Trustee's Deed, which recited compliance with all the legal requirements dealing with the notice of default and the notice of trustee's sale.  Plaintiff has not alleged any other entity was the actual trustee.  Nor has he pleaded how an allegedly improper assignment of the Note and Deed of Trust invalidated ReconTrust's statutory authority to foreclose.  Thus, there is no creditable allegation of any impropriety in the sale.

Moreover, MERS did not need to assign the Deed of Trust.  We take judicial notice that BofA acquired by merger the assets of Countrywide, including the Deed of Trust.  (Evid. Code, §§ 451, subd. (f), 452, subds. (g), (h), 455, subd. (a); e.g.,

---

[3] In his brief plaintiff also argues he alleged a valid cause of action for wrongful foreclosure although there is no such cause of action in the complaint.

*Waldrup v. Countrywide Financial Corp.* (C.D.Cal., Jan. 5, 2015, No. 2:13-cv-08833-CAS(CWx)) 2015 WL 93363, p. *1, fn. 1; *Bank of America N.A. v. Sellars* (W.D.Wash., Jul. 18, 2014, No. C12-1655-JCC) p. *1, fn.1; *Fath v. BAC Home Loans* (N.D.Tex., Jun. 25, 2013, No. 3:12-cv-1755-O) 2013 WL 3203092, p. *1; *Urbano v. Bank of America, N.A.* (E.D.Cal., Jul. 18, 2012, No. 1:12-CV-00464 AWI SMS) 2012 WL 2934154, p. *1; see *Reade v. CitiMortgage, Inc.* (S.D.Cal., Nov. 7, 2013, Civil No. 13cv404 L (WVG) 2013 WL 5964611, p. *3 [in securitization context same claim rejected where the defendant was successor by merger to original lender]; see *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 755, 757 [court properly took judicial notice of fact bank assumed assets of insolvent bank].)  Because this fact may not be reasonably disputed, we may rely on it despite plaintiff's allegations to the contrary.  (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 536.)

"To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that [BofA] did not receive an assignment of the debt in any other manner."  (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.)  Plaintiff cannot do so.

For the same reason we reject plaintiff's claim BofA did not have an interest in the Note or underlying debt because the Note was never assigned or transferred to it.[4]  Thus, plaintiff cannot amend these causes of action as to BofA.

The same defects are present in the causes of action to set aside the trustee's deed and to cancel the trustee's deed against Soto.  In the trial court, plaintiff made brief reference to Soto's alleged employer, Green Tree Servicing, which he "believe[d was] an affiliate of [BofA]."  He suggested this was a new fact he could allege

---

[4]  There is no requirement that only the holder of a note is authorized to foreclose. Moreover, there is no requirement BofA possess the original Note in order to foreclose. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 441.)

to somehow show Soto was not a bona fide purchaser for value.  This fact is insufficient to cure the defective causes of action against Soto.

*6.  Leave to Amend*

Plaintiff has not met his burden to show how he could amend the causes of action to set aside the trustee's sale, to cancel the Trustee's Deed, and for declaratory relief.  The allegations raised for the first time at oral argument were untimely and too vague to satisfy his burden to show how he could sufficiently plead these claims.  Given that he has had three opportunities to plead these causes of action, there is no basis to allow further leave to amend them.

**DISPOSITION**

The judgment is reversed as to the causes of action against BofA for promissory estoppel, fraud, and violation of Business and Professions Code section 17200 only.  In all other respects the judgment is affirmed.  Plaintiff and BofA shall bear their own respective costs on appeal.  Soto is entitled to his costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

9