Filed 7/8/15  Walker v. Nationstar Mortgage LLC CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID CHARLES WALKER, | B253739 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC100355) |
| v. | |
| NATIONSTAR MORTGAGE LLC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Russell Kussman, Judge.  Affirmed.

David Charles Walker, in pro. per., for Plaintiff and Appellant.

Akerman LLP, Justin D. Balser and Carolyn Peterson for Defendants and Respondents.

Plaintiff David Charles Walker sued Nationstar Mortgage LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Quality Loan Service Corporation ("Quality Loan") and others following the sale of his residence at a nonjudicial foreclosure sale. Walker did not dispute that his loan was in default, but maintained that neither MERS, which had initiated the foreclosure, nor Quality Loan, the substituted trustee which carried it out, was authorized to do so. The trial court sustained the defendants' demurrer, ruling that the allegations of Walker's first amended complaint failed to state of cause of action. We agree with that conclusion, and so affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Walker purchased the real property located at 3297 Coy Drive in Sherman Oaks (the "Property") in 1997. In October 2006, Walker refinanced the loan on the Property with Fremont Investment & Loan ("Fremont"), executing a promissory note in the principal sum of $800,000 secured by a deed of trust which, according to the complaint, named MERS as the "nominee beneficiary."[2] The following year, Fremont notified Walker that it had sold its loan to GMAC Mortgage, LLC ("GMAC"), effective July 1, 2007. Nationstar notified Walker that it had taken over servicing of the Fremont loan, also effective July 1, 2007. This assignment of the deed of trust was never recorded in the Los Angeles County Recorder's Office.

Walker defaulted on the loan at some point after its origination. On March 23, 2009, MERS assigned its beneficial interest in the deed of trust to Nationstar, which recorded the assignment in the official records of Los Angeles County on April 16, 2009. Walker maintains that this assignment "was improper because MERS never had a

---

[1] "We set forth the facts in accordance with the standard governing demurrers: we assume the truth of all well-pleaded facts and accept as true all facts that may be implied or inferred from the facts alleged." (*Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.* (2006) 140 Cal.App.4th 795, 798.)

[2] The deed of trust, Exhibit A to the amended complaint, states "MERS is the beneficiary under this Security Instrument."

beneficial interest in the Subject Property and was merely a 'nominee' under the Deed of Trust. Therefore, the Assignment was invalid and VOID."

On November 16, 2011, Quality Loan, as trustee, executed a Notice of Default and Election to Sell Under Deed of Trust (notice of default) on the Property. The notice of default, recorded on November 18, 2011, stated that Walker was $49,440.88 in default at that time. Walker alleges that the notice of default was wrongfully recorded because Quality Loan was neither named as trustee under the original deed of trust, nor appointed a substitute trustee under a duly recorded substitution of trustee.[3]

In response to the notice of default, Walker attempted a short sale of the Property. However, a short sale was never consummated, and the Property was acquired by Nationstar, as the foreclosing beneficiary, at a foreclosure sale conducted by Quality Loan on March 6, 2013.[4] A Trustee's Deed Upon Sale vesting title in Nationstar was executed and recorded by Quality Loan on March 19, 2013. Walker alleges that the foreclosure sale was invalid because the foreclosing trustee, Quality Loan, was not in possession of "the original note, or original and valid assignments of the note."

On April 12, 2013, Nationstar filed a complaint for unlawful detainer. Walker filed the instant lawsuit on May 22, 2013, alleging 12 causes of action, including negligence, cancellation of the assignment of deed of trust and the trustee's sale; wrongful foreclosure, breach of the implied covenant of good faith and fair dealing; unjust enrichment; violation of Business and Professions Code section 17200 et seq.; quiet title, slander of title and intentional infliction of emotional distress.

On May 24, 2013, Nationstar recorded a Grant Deed on the Property vesting title in Saratoga Group Partners, LLC ("Saratoga"). On May 30, 2013, Walker filed a Notice

---

[3]     However, defendants requested the trial court to take judicial notice of a substitution of trustee notarized on November 9, 2011, and recorded on November 14, 2011, by which Nationstar as beneficiary substituted Quality Loan as trustee under the deed of trust.

[4]     The 16-month interval between the notice of default and the foreclosure sale is accounted for by the short sale negotiations, coupled with Walker's filing of a petition in bankruptcy, which was subsequently discharged.

3

of Pendency of Action in the County Recorder's office. On June 17, 2013, Walker amended his complaint to add Saratoga, its mortgage lender and the trustee on its deed of trust as new defendants.

On August 7, 2013, Nationstar and MERS demurred to Walker's complaint on multiple grounds, including Walker's failure to tender the sums owing under the promissory note and the presumptive validity of a trustee's sale. Saratoga subsequently joined in the demurrer. After a November 7, 2013 hearing, the trial court sustained the demurrer as to all causes of action without leave to amend and entered judgment for defendants.

Walker timely appealed the judgment.

DISCUSSION

"A demurrer tests the legal sufficiency of the . . . complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81.)

The elements of a claim for wrongful foreclosure are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount

4

of the secured indebtedness or was excused from tendering." (*Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1507 [discussing prejudice requirement]; *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104; see also *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 [discussing the general requirement that irregularities in the foreclosure process be prejudicial to the plaintiff's interest].)

Here, the factual underpinning of Walker's complaint is that the lender and trustee who together initiated the foreclosure proceedings were not authorized to undertake the actions which resulted in the sale of Walker's house at foreclosure. Thus, Walker maintains that MERS, the original beneficiary under the deed of trust, was unlawfully operating as an unregistered foreign corporation in violation of California's franchise tax laws, so that "any action that MERS took with regard to assigning the deed of trust is ultra vires and VOID." As a consequence, the deed of trust was not properly assigned to Nationstar, so that Nationstar was not authorized to substitute Quality Loan as trustee, and Quality Loan was not authorized to commence foreclosure proceedings.

However, the statutory framework governing nonjudicial foreclosures, as set forth in Civil Code sections 2924 through 2924i, provides that the foreclosure process may be initiated by the "trustee, mortgagee or beneficiary or any of their authorized agents." (Civ. Code, § 2924, subd. (a)(1).) A person authorized to record a notice of default or notice of sale following a default by the borrower includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." (Civ. Code, § 2924b, subd. (b)(4).)

Moreover, the exhaustive nature of California's nonjudicial foreclosure scheme prohibits the introduction of additional requirements challenging the authority of the lender's nominee to initiate nonjudicial foreclosure. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1150.) Consequently, as the court in *Gomes* concluded, a borrower has no legal basis to bring an action to determine whether the entity which recorded a notice of default had the authority to initiate the foreclosure proceedings. (*Id.* at p. 1154.) Subsequent cases hold that, in post-foreclosure actions, a

borrower lacks standing to challenge an assignment of deed of trust absent a showing of prejudice. (*Siliga v. Mortgage Electronic Registration Systems, Inc., supra,* 219 Cal.App.4th at p. 86 ("*Siliga*"); *Herrera v. Federal Nat. Mortg. Assn.*, *supra*, 205 Cal.App.4th at p. 1507; *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 271.)[5] As the *Siliga* court stated: "[T]he Siligas fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment." (*Siliga, supra,* 219 Cal.App.4th at p. 85.)

Here, the first amended complaint includes no allegation that the purportedly improper assignment of deed of trust caused Walker cognizable harm, nor does he suggest that he could amend the complaint to remedy this defect. As was true of the plaintiffs in *Siliga, supra,* 219 Cal.App.4th at p. 85, Walker does not dispute that the note was in default; the assignment of deed of trust did not change Walker's obligations under the note; and in the circumstances of this case, the original lender would have no reason not to proceed with foreclosure. Thus, Walker has no standing to challenge the validity of the assignment of deed of trust.

Walker's remaining causes of action are all premised on the same facts alleged in support of his wrongful foreclosure claim, that is, defects in the assignment of the deed of

---

[5]     Walker suggests that *Glaski v. Bank of America, National Association* (2013) 218 Cal.App.4th 1079 specifically limited the holding of *Gomes v. Countrywide Home Loans, Inc., supra,* 192 Cal.App.4th 1149 to pre-foreclosure challenges. However, the cited cases apply the *Gomes* holding to post-foreclosure litigation. The issue is currently pending review in the Supreme Court. (*Yvanova v. New Century Mortgage Corporation*, review granted Aug. 27, 2014, S218973) ["In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?"].)

6

trust and the authority of the trustee, mortgagee or beneficiary to initiate and complete the foreclosure process. For example, Walker's negligence claim is based on the defendants' actions in the conduct of their business which resulted in the foreclosure sale. Similarly, the cause of action for intentional infliction of emotion distress simply incorporates by reference the allegations of defendants' conduct in proceeding with the "unauthorized" foreclosure sale, adding: "Defendants have intentionally taken actions which have caused the Plaintiff severe emotional distress." We agree with the trial court that the allegations of the complaint do not state a cause of action. Because Walker has failed to demonstrate that an amendment to the complaint would cure its defects, we affirm the judgment of dismissal based on defendants' demurrer.

On appeal, Walker specifically asserts a single argument in support of his claims against Saratoga, the entity which purchased the Property from Nationstar following the foreclosure sale, based on the following allegations of the amended complaint: "On or about May 24, 2013, Plaintiff was approached at the Subject Property by Diana Alon, who presented herself as the real estate agent for Nationstar. Alon attempted to get Plaintiff to consider Saratoga's willingness to make an offer to settle any claims, although an actual offer had never been made, and relocate Plaintiff. Plaintiff rejected such and told Alon he had already commenced an unlawful foreclosure action as well as was in process of filing a lis pendens on the Subject Property. [¶] Despite their constructive knowledge of Plaintiff's outstanding interest in the Subject Property, on May 24, 2013, Saratoga recorded a Grand Deed for the Subject Property from Nationstar purportedly signed on May 2, 2013 and notarized on May 3, 2013." Neither the amended complaint nor Walker's appellate brief make any attempt to explain how the foregoing factual allegations would render Saratoga liable to Walker under any legal theory. Rather, Walker merely states that, because Saratoga's representative communicated with Walker on multiple occasions concerning Walker's interest in the Property prior to purchasing it from Nationstar, Saratoga was not a bona fide purchaser for value. However, Saratoga's status as a bona fide purchaser is irrelevant to any issue in this case. The trial court therefore properly entered judgment in favor of Saratoga.

7

Finally, having determined that the trial court properly entered a judgment of dismissal following defendants' successful demurrer, we deem moot Walker's challenge to the trial court's order denying the consolidation of the instant action with the limited civil unlawful detainer action.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:


TURNER, P. J.


MOSK, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.