Filed 7/26/16  Doe v. Regents of University of California CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Respondent. | G051379<br><br>(Super. Ct. No. 30-2014-00701262)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Peter J. Wilson, Judge.  Affirmed.

Law Offices of Thomas Y. Barclay, Thomas Y Barclay; Law Offices of Jeffrey A. Coleman and Jeffrey A. Coleman for Plaintiff and Appellant.

Nye, Peaboy, Stirling, Hale & Miller, Jonathan D. Miller and Holly C. Blackwell for Defendant and Respondent.

\*          \*          \*

Plaintiff Jane Doe appeals from the judgment entered after the trial court sustained the demurrer of defendant the Regents of the University of California to plaintiff's second amended complaint without leave to amend. She contends the court erred by relying on *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438 (*John R.*) in concluding defendant bore no respondeat superior liability for the sexual misconduct of its employee. The court did not err. We affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

According to the allegations of the second amended complaint, plaintiff was an undergraduate student attending the University of California, Santa Barbara (UCSB) when she was sexually assaulted by Jeffrey Beckstrand, a graduate student and teaching assistant employed by UCSB. Plaintiff knew Beckstrand from a class she had previously taken in which he was the teaching assistant.

On the date of the assault, plaintiff encountered Beckstrand on campus and requested his assistance in writing a paper for one of her current classes. He agreed and they arranged to meet, that night, at an on-campus location. They met at 9:00 p.m., and thereafter went back to Beckstrand's on-campus office to continue their meeting. Once there, Beckstrand sexually assaulted plaintiff while telling her that he had a knife and striking her in the face to force compliance.

Plaintiff sued defendant for sexual battery, sexual assault, premises liability, negligence, and infliction of emotional distress. After several demurrers and amendments, plaintiff filed a second amended complaint, limiting her claims against defendant to vicarious liability for Beckstrand's sexual battery and sexual assault.

Defendant demurred to that complaint based on a "long line of precedent establishing that sexual misconduct falls outside the course and scope of employment and should not be imputed to the employer." The court sustained the demurrer "without leave to amend, because an employee like co-defendant Beckstrand is not acting within the

2

course and scope of his employment when committing a sexual assault and/or sexual battery. Plaintiff's opposition neither requested further leave to amend, nor explained what additional facts could be alleged to state a valid cause of action . . . ."

DISCUSSION

*Standard of Review*

On appeal from a judgment dismissing a complaint after the sustaining of a demurrer without leave to amend, we independently review the pleading to determine whether the facts alleged state "a cause of action under any possible legal theory." (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) Plaintiff did not seek leave to amend in the trial court, and does not request it on appeal.

*The Court Correctly Sustained the Demurrer Without Leave to Amend*

Plaintiff contends Beckstrand was acting within the course and scope of his employment with defendant when he sexually assaulted her and thus the court erred in sustaining defendant's demurrer to her second amended complaint without leave to amend. We disagree.

The law is settled that defendant cannot be held liable for Beckstrand's sexual misconduct under a theory of respondeat superior because it was outside the scope of his employment as a teacher's assistant. (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 865; *John R.*, *supra*, 48 Cal.3d at pp. 451-452.) Cases outside of the school context have also deemed "vicarious liability . . . inappropriate where the misconduct does not arise from the conduct of the employer's enterprise but instead arises out of a personal dispute [citation], *or is the result of a personal compulsion* [citation]. In such cases, the risks are engendered by events unrelated to the employment, so the mere fact that an employee has an opportunity to abuse facilities or

3

authority necessary to the performance of his or her duties does not render the employer vicariously liable." (*Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992, 1006, italics added.) Our high court's survey of cases addressing the issue revealed "that, except where sexual misconduct by on-duty police officers against members of the public is involved [citations], the employer is not vicariously liable to the third party for such misconduct [citations]. In those decisions, vicarious liability was rejected as a matter of law because it could not be demonstrated that the various acts of sexual misconduct arose from the conduct of the respective enterprises. In particular, the acts had been undertaken solely for the employees' personal gratification and had no purpose connected to the employment." (*Id.* at pp. 1006-1007; see *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 394 [citing cases holding that "sexual misconduct falls outside the course and scope of employment and should not be imputed to the employer" "under the doctrine of respondeat superior"].)

Plaintiff seeks to avoid this conclusion by attempting to distinguish *John R.*, *supra*, 48 Cal.3d 438, the seminal case discussing respondeat superior liability for the sexual misconduct by a school employee. Plaintiff contends her case should be decided differently because (1) defendant's system is larger than any California school district, (2) the alleged assault in *John R.* occurred in the teacher's off-campus apartment during the student's participation in an extracurricular activity, whereas the alleged assault here occurred in Beckstrand's on-campus office provided by defendant, and (3) students in school districts are usually 18 years old or younger and students in defendant's system are normally older. Plaintiff also claims the public policy analysis addressed in *John R.* weighs in favor of imposing vicarious liability on defendant. Plaintiff's attempt to distinguish *John R.* is meritless.

In *John R.*, the Supreme Court considered three reasons that "'have been suggested for imposing liability on an enterprise for the risks incident to the enterprise: "(1) [I]t tends to provide a spur toward accident prevention; (2) it tends to provide greater

4

assurance of compensation for accident victims[;] and (3) at the same time it tends to provide reasonable assurance that, like other costs, accident losses will be broadly and equitably distributed among the beneficiaries of the enterprises that entail them.""" (*John R., supra*, 48 Cal.3d at p. 451.)

The *John R.* court noted the first factor "plays little role in the allocation of responsibility for the sexual misconduct of employees generally, and with respect to the unique situation of teachers, indicates that untoward consequences could flow from imposing vicarious liability on school districts. Although it is unquestionably important to encourage both the careful selection of these employees and the close monitoring of their conduct, such concerns are, we think, better addressed by holding school districts to the exercise of due care in such matters and subjecting them to liability only for their own direct negligence in that regard." (*John R., supra*, 48 Cal.3d at p. 451; see *Z.V. v. County of Riverside* (2015) 238 Cal.App.4th 889, 902 (*Z.V.*) ["consideration of protective measures ultimately runs up against the fundamentally intentional nature of sexual assault"].)

Against this authority, plaintiff argues that imposing respondeat superior liability here would help meet the first goal because it would encourage defendant to develop safety measures, such as limiting when teaching assistants may have students in their on-campus offices and providing education for faculty and students about on-campus sexual assaults. We are not persuaded. As in *John R.*, promoting safety rules and educating students about the possibility of on-campus sexual assaults are issues better addressed by subjecting defendant to liability for its own direct negligence, not by imposing vicarious liability for conduct by an employee having no purpose connected to the employment. And limiting when teaching assistants may confer with students may "deter [universities] from encouraging, or even authorizing . . . one-on-one contacts between teachers [or their assistents] and students or to induce [universities] to impose such rigorous controls on activities of this nature that the educational process would be

5

negatively affected." (*John R., supra*, 48 Cal.3d at p. 451.) The rationale is the same whether applied to school districts or universities despite the differences in the ages of the students, as the same "untoward consequences could flow from imposing vicarious liability" (*ibid.*) in either situation. Moreover, as defendant notes, although "[c]ase law has occasionally recognized a distinction between a public school district and a University tasked with educating adults . . . this difference has never resulted in the imposition of greater liability on the" latter. Rather, the contrary is true, as "exceptions have been created to impose liability on a public school district for the criminal acts of third parties due to the special relationship between the school and its minor students." (Compare *Rodriguez v. Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 723 [acknowledging the special relationship between a school and its minor students] with *Tanja H. v. Regents of University of California* (1991) 228 Cal.App.3d 434; *Crow v. State of California* (1990) 222 Cal.App.3d 192 [rejecting claims by college students seeking to place liability on their schools for criminal assaults by third parties].)

Plaintiff claims that unlike *John R.*, in which a minor alleged he was sexually molested by his teacher while participating in a sanctioned extracurricular program at the teacher's home, her case does not involve an extracurricular activity but a sexual assault occurring while she was receiving assistance from a teaching assistant in his office. But "'[i]f an employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior.'" (*Farmers Ins. Group v. County of Santa Clara*, *supra*, 11 Cal.4th at p. 1005, citing *Alma W. v. Oakland Unified School Dist.* (1981) 123 Cal.App.3d 133, 140 ["Where an employee pursues his own ends, the use of property or facilities entrusted to him by the principal is an inadequate basis for imputing liability to the employer" and [t]he mere fact that an employee has the opportunity to abuse facilities

6

necessary to the performance of his duties does not render an employer vicariously liable for the abuse].)

In discussing the second factor, *John R.* concluded that assuring compensation was not "appropriately invoked" because the "acts here differ from the normal range of risks for which costs can be spread and insurance sought. [Citation.] The imposition of vicarious liability on school districts for the sexual torts of their employees would tend to make insurance, already a scarce resource, even harder to obtain, and could lead to the diversion of needed funds from the classroom to cover claims." (*John R.*, *supra*, 48 Cal.3d at p. 451.)

Plaintiff argues this concern does not exist in her case because the university system presumptively generates greater revenue and has no problems obtaining insurance in comparison to a local school district. But as we explained in *Z.V.*, *supra*, 238 Cal.App.4th 889, the idea of "assuring compensation . . . is really nothing more than a conclusion. Respondeat superior always helps to assure victim compensation, if only by bringing in another — usually deeper — pocket to provide that compensation. By itself, assuring victim compensation is nothing more than a statement of a desired *result*, not a means of analysis. The real question is *whether*, under California law, the employer's presumably deeper pocket should have to bear the loss of an employee's tort, and that question requires an analysis of the nexus between the employer's enterprise, the employee's scope of employment, and the nature of the underlying tort itself. In fact, carried to its logical conclusion, the goal of 'assuring victim compensation' could be readily accomplished by abolishing the law of torts altogether and substituting some sort of no-fault scheme for all losses." (*Id.* at p. 901.)

Finally, although in *John R.*, *supra*, Cal.3d 438, the court believed "the propriety of spreading the risk of loss among the beneficiaries of the enterprise" (*id.* at pp. 451-452), may weigh in favor of imposing vicarious liability, it noted that "the connection between the authority conferred on teachers to carry out their instructional

7

duties and the abuse of that authority to indulge in personal, sexual misconduct is simply too attenuated to deem a sexual assault as falling within the range of risks allocable to a teacher's employer.  It is not a cost this particular enterprise should bear, and the consequences of imposing liability are unacceptable" (*id*. at p. 452).  Also instructive is the *Z.V.* court's observation that the idea of "spreading the loss . . . is likewise unhelpful in ascertaining respondeat superior liability. . . .  Of all torts, sexual assault is about the *least* amenable to risk spreading via insurance because of its 'inseparably intentional' nature." (*Z.V.*, *supra*, 238 Cal.App.4th at p. 901.)  We agree and thus reject plaintiff's claim that because defendant "governs a much larger enterprise than a school district [it is] more appropriately situated to distribute the risk . . . ."

DISPOSITION

The judgment is affirmed.  Defendant shall recover its costs on appeal.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.

8