Filed 1/5/24  Do v. County of Santa Clara CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID (ANH QUAN) DO,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>     Defendant and Respondent. | H051044<br>(Santa Clara County<br>Super. Ct. No. 22CV397515) |

Plaintiff David (Anh Quan) Do was hired as a physician in 2013 by defendant Santa Clara County, for whom plaintiff provided health care services at two county-run methadone clinics for several years.  Plaintiff sued the county in 2022, alleging causes of action for breach of contract and fraud in the inducement.  The operative second amended complaint alleged the county breached the memorandum of understanding that constitutes plaintiff's employment contract by requiring him to work at more than one clinic.  The complaint also alleged plaintiff was fraudulently induced to work for the county on the promise that he would work only at a single clinic.  This appeal followed the trial court sustaining the county's demurrer to the operative complaint without leave to amend.  We will affirm the judgment of dismissal.

## I.  TRIAL COURT PROCEEDINGS

According to the operative second amended complaint, the county operates three methadone clinics, the South County Clinic, Central Valley Clinic, and Alexian Health Clinic.  Plaintiff alleged the county offered him a full-time position at the South County

Clinic in 2013, which he accepted. At the county's request, plaintiff also performed work at the Central Valley Clinic beginning in 2013. When plaintiff informed the county in November 2021 that he no longer wished to work at two clinics, the county responded that he was required to work at both locations.

Plaintiff sued the county in May 2022, apparently for breach of contract. (We do not find plaintiff's initial or first amended complaints in the record on appeal, nor the claim plaintiff states he presented to the county in February 2022.) The trial court sustained the county's demurrer to the first amended complaint with leave to amend.

Representing himself, plaintiff filed the operative second amended complaint in October 2022, alleging three causes of action. The first cause of action alleged that in November 2021 the county breached section 6.8 of the memorandum of understanding that constitutes plaintiff's employment contract by denying plaintiff's "request to end extra work" at the Central Valley Clinic. Section 6.8 of the memorandum of understanding between the county and the Union of American Physicians and Dentists states, in relevant part: "When an employee is assigned to work at a location different from her/his regularly assigned work location, she/he shall be allowed to travel on County time to that work location. Time allotted for travel shall be based on distance to and from her/his regular work location or home and the temporary work location, whichever is lesser." The second cause of action alleged the county breached section 6.8 of the memorandum of understanding "sometime from July 2013 to 11/1/2021" by converting plaintiff's "full-time single position ... into 2 half-time codes." The third cause of action alleged breach of contract and fraud in the inducement. It alleged plaintiff was fraudulently induced into accepting a contract for what he understood would be a full-time position at a single clinic when the county's actual intention was to "obtain multiple clinic coverage on a permanent basis off the books." The operative complaint alleged the fraud occurred "in 2013 on [the] first day" plaintiff was hired, but plaintiff did not discover the county's intention until 2021 when his request to end work at multiple

2

locations was denied. The operative complaint also alleged a later January 2022 accrual date, when the county disclosed information demonstrating its practice of having "physicians provide multiple clinic coverage on a permanent basis off the books since 2005."

The county demurred, and the trial court granted the county's request for judicial notice of the memorandum of understanding between the county and the Union of American Physicians and Dentists. By written order, the trial court sustained the demurrer without leave to amend. The court ruled the breach of contract allegations failed to state facts sufficient to support the first two causes of action because the memorandum of understanding sections plaintiff cited "have nothing to do with his claims regarding 'extra work' or splitting a full-time position into half-time positions." The court further ruled that plaintiff's third cause of action asserted a new claim that was beyond the scope of the leave to amend that had been granted.

## II. DISCUSSION

We review de novo a judgment of dismissal based on a sustained demurrer. (*Organizacion Comunidad de Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 790.) We will reverse the dismissal if the allegations of the petition state a cause of action under any legal theory. (*Ibid.*) We assume the truth of all facts alleged in the complaint (*id.* at pp. 790–791), but we do not consider conclusory factual or legal allegations. (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.) "The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer." (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) "We will affirm if there is any ground on which the demurrer can properly be sustained." (*Ibid.*)

The operative complaint alleges that plaintiff and the county are bound by the memorandum of understanding. Plaintiff does not dispute the accuracy of the terms of

3

the memorandum of understanding, but rather the interpretation of those terms. We take judicial notice of the memorandum of understanding as a document that was properly noticed in the trial court (Evid. Code, § 459, subd. (a)), however we deny plaintiff's request for judicial notice of a civil grand jury report as irrelevant.

## A. NO CAUSE OF ACTION FOR BREACH OF CONTRACT

A breach of contract action contains the following elements: a contract; plaintiff's performance under the contract (or excuse for nonperformance); defendant's breach; and damages. (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.) The operative complaint alleged that the county breached section 6.8 of the memorandum of understanding in two ways: by denying his request to stop working at the Central Valley Clinic, and by converting his full-time position into two "half-time codes." The fatal problem with plaintiff's breach of contract causes of action is that he points to nothing in the memorandum of understanding that can be construed as a promise that he would work at only one clinic. Section 6.8, titled "Temporary Work Location," expressly contemplates work at multiple locations. As we have noted, it states: "When an employee is assigned to work at a location different from her/his regularly assigned work location, she/he shall be allowed to travel on County time to that work location. Time allotted for travel shall be based on distance to and from her/his regular work location or home and the temporary work location, whichever is lesser." (Underscoring omitted.) The operative complaint claims the "appropriate interpretation" of that section is that plaintiff "agreed to work at ONE regularly assigned work location" and that work at a second location is permissible only on a temporary basis. But section 6.8 does not define or expressly limit the duration of temporary work, nor does it promise that physicians will work at a single location. Because the county's actions as identified in the operative complaint do not breach any express promise contained in the memorandum of understanding, the operative complaint fails to state facts sufficient to constitute a breach of contract cause of action.

4

The operative complaint also references section 6.1 of the memorandum of understanding, which provides: "Employees in this bargaining unit are professional employees and as such are paid a pre-determined salary each biweekly period irrespective of the number of hours worked in a workweek. [¶] Hours of work are defined as those hours of the day or days of the week for which the employees are required to fulfill the responsibilities of their professional positions." That section describes the salaried nature of plaintiff's work and does not promise that physicians will work at a single location only.

Because we conclude the operative complaint does not state a cause of action for breach of contract, we do not reach the county's arguments based on the statute of limitations, the Government Claims Act (Gov. Code, § 810 et seq.), and the Meyers-Milias-Brown Act (Gov. Code, § 3500 et seq.).

### B. NO FRAUD IN THE INDUCEMENT CAUSE OF ACTION

"The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." (*Hinesley v. Oakshade Town Center* (2005) 135 Cal.App.4th 289, 294.) Fraud in the inducement occurs when a party to a contract is induced by fraud to enter the contract. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 415.) Fraud must be pleaded with specificity. (*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 182.)

Here, the operative complaint alleged that fraud in the inducement "occurred in 2013 on [plaintiff's] first day ... as [a] physician employee, based on infraction of section 6.8." It alleged a supervisor offered plaintiff "a full-time position at [South County Clinic] in 2013" and also "asked Plaintiff in 2013 to provide extra work at [Central Valley Clinic] on a temporary basis." The operative complaint further alleged plaintiff was "fraudulently induced to accept contract in 2013 with full-time position at

5

[South County Clinic], along with a request for extra services at [Central Valley Clinic] on temporary basis."

The fraud cause of action is based on an alleged "infraction of section 6.8" of the memorandum of understanding.  But as we have discussed, section 6.8 does not define or expressly limit the duration of temporary work, nor does it promise that physicians will work at a single location.  The operative complaint therefore does not plead justifiable reliance on any written promise.  Nor does it properly plead fraud based on any oral promise, as it does not include details of the supervisor's request regarding work at the Central Valley Clinic.  The operative complaint therefore does not state facts sufficient to constitute a cause of action for fraud.

Because we will affirm the trial court's decision for the foregoing reasons, we do not reach the alternative arguments offered by the county regarding the scope and timeliness of plaintiff's allegations.

### C. NO ABUSE OF DISCRETION SHOWN IN DENYING LEAVE TO AMEND

We review the denial of leave to amend for abuse of discretion.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)  Leave to amend should be granted where it is reasonably possible an amendment would cure the defect that caused a demurrer to be sustained.  (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)  The plaintiff bears the burden to show how a complaint can be amended to state a cause of action.  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)  As plaintiff does not address the issue of further leave to amend in his appellate briefing, he has not demonstrated a reasonable possibility that further amendment would cure the defects in the operative complaint.

### III.    DISPOSITION

The judgment of dismissal is affirmed.

_____
Grover, Acting P. J.

WE CONCUR:



_____
Lie, J.




_____
Bromberg, J.



**H051044**
***Do v. County of Santa Clara***