Filed 11/22/21  Kvassay v. Chicago Title Insurance CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RICHARD S. KVASSAY et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY et al., <br><br> Defendants and Respondents. | B308131 <br><br> (Los Angeles County Super. Ct. No. 19STCV17120) |

APPEAL from orders of the Superior Court of Los Angeles County.  Michael C. Small, Judge.  Affirmed.

Troy Stewart for Plaintiffs and Appellants.

Fidelity National Law Group and David B. Owen for Defendant and Respondent Chicago Title Insurance Company.

Davis & Davis Law Group and Matthew S. Davis for Defendant and Respondent Escrow Trust Advisors, Inc.

* * * * * * * * * *

Plaintiffs and appellants Richard S. Kvassay and Peter E. Kvassay appeal from the judgment of dismissal entered in favor of defendant and respondent Chicago Title Insurance Company. Plaintiffs are brothers and two of the beneficiaries of a family trust, the primary asset of which was a parcel of real property. Plaintiffs' brother, Robert Kvassay, is the trustee, who, according to plaintiffs, breached his duties to them in selling the real property. Plaintiffs brought this action against defendant (the title insurer for the sale) and several other entities, alleging that all defendants knowingly participated in the breach by assisting in the sale and the disbursement of the sale proceeds. Plaintiffs appealed the separate judgment of dismissal entered as to Escrow Trust Advisors, Inc., but confirmed at oral argument what Escrow Trust Advisors, Inc., stated in its respondent's brief, that plaintiffs were no longer pursuing the appeal as to Escrow Trust Advisors, Inc., and the appeal had been dismissed.

Specifically, plaintiffs contend the sale was consummated in violation of an order from the probate court requiring the posting of a bond or the placement of the sale proceeds into a blocked account for the benefit of the trust beneficiaries. Defendant successfully demurred to plaintiffs' second amended complaint, relying in part on a request for judicial notice of a record from the court file memorializing the posting of a $3.9 million bond in connection with the disputed sale. Plaintiffs' sole contention on appeal is that the trial court erred in taking judicial notice of the court record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard, Peter and Robert Kvassay are brothers and the principal beneficiaries of the Kvassay Family Trust created in 1993. We refer to the brothers by their first names for clarity in light of the common surname. We also refer to Richard and Peter jointly as plaintiffs. Plaintiffs filed this lawsuit in May 2019 against defendant and several other entities. Robert was not a party below and is not a

2

party to this appeal. The other named defendants are not parties to this appeal.

In 2007, Robert became the sole, successor trustee of the trust. The principal trust asset was real property located on Hill Drive in Los Angeles (the Hill Property).

In May 2010, Robert filed a petition in probate court (case No. BP122477) seeking to resolve various trust matters and seeking instructions and approval for the sale of the Hill Property.

Plaintiffs filed an objection that Robert and his wife had improperly used the Hill Property as collateral for a personal loan and had improperly identified the promissory note as a trust obligation in a trust accounting. Plaintiffs also contended that Robert failed to fully and timely provide annual accountings in accordance with the terms of the trust.

On October 6, 2017, the probate court ordered that as a condition for selling the Hill Property, Robert was to place all sale proceeds into a blocked account or obtain a bond to insure the sale proceeds for the benefit of the trust beneficiaries.

Thereafter, Robert entered into an agreement with a third party for the sale of the Hill Property for the sum of $5.25 million. Defendant provided title insurance for the transaction. Robert obtained an order from the court authorizing the sale of the Hill Property on condition of posting a bond in the amount of $3.9 million for the benefit of the trust beneficiaries.

Plaintiffs alleged Robert never obtained a bond or opened a blocked account, in violation of the court's orders, and that defendant knew and was aware of this fact and nonetheless assisted in the sale of the Hill Property and disbursement of sale proceeds.

In December 2019, this lawsuit was deemed related to the probate action, case No. BP122477.

Defendant demurred to the second amended complaint. In support of the demurrer, defendant filed a request for judicial notice.

3

As relevant here, defendant asked the court to take judicial notice of a one-page document in the probate case file, file-stamped December 20, 2017, memorializing that Liberty Mutual Insurance Company issued a bond in the amount of $3.9 million for the benefit of the trust beneficiaries.

Plaintiffs argued there were disputed facts as to the validity of the bond that could not be resolved on demurrer. For instance, plaintiffs argued the document did not include a bond number, did not clearly indicate who had obtained the bond, and bore signatures that had not been authenticated. Plaintiffs did not contend they could amend their pleading to allege they had timely objected to the bond in the probate court. No one appeared for plaintiffs at the hearing on the demurrer.

The court sustained the demurrer without leave to amend. A judgment of dismissal was entered in favor of defendant on August 4, 2020.

This appeal followed.

Defendant requests we take judicial notice of the opinion in *Kvassay v. Kvassay* (Jan. 6, 2021, B297461) [nonpub. opn.] which affirmed two orders of the probate court in case No. BP122477 denying plaintiffs' motion to remove Robert as trustee and affirming the amended second accounting. We decline to do so as the opinion is irrelevant to our disposition.

## DISCUSSION

On appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend, our review is de novo. (*Aubry v. Tri-City Hospital District* (1992) 2 Cal.4th 962, 966–967.) For the limited purpose of reviewing the propriety of the trial court's ruling, we " ' " 'treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a

4

reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment . . . ." '  [Citations.]  ' "The burden of proving such reasonable possibility is squarely on the plaintiff." ' "  (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

Plaintiffs say the court erred by taking judicial notice of the file-stamped court record memorializing the posting of a $3.9 million bond for the benefit of the trust beneficiaries.  They say their complaint alleged defendant never obtained a bond; and by taking judicial notice of the bond in the probate court file, the court resolved a disputed fact whether defendant obtained a bond.  Plaintiffs have failed to demonstrate the court abused its discretion by taking judicial notice of the bond.

Pursuant to Evidence Code section 452, subdivision (d), discretionary judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States."  As our Supreme Court has said, the existence of a document is a proper subject of judicial notice.  (*StorMedia Inc. v. Superior Court* (1999) 20 Cal.4th 449, 456, fn. 9.)

The court took judicial notice of a record in its own file that directly contradicted plaintiffs' allegation that no bond was posted.  The bond in the court file is given precedence over the allegations of the complaint.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20 [conclusory factual assertions directly contradicted by judicially noticeable facts properly rejected]; accord, *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1474.)  We do not consider plaintiffs' attacks on the authenticity of the bond, because they did not contend in the trial court, and they do not contend on appeal, that they can

amend their complaint to allege they filed objections to the allegedly defective bond in accordance with Code of Civil Procedure section 995.930. Plaintiffs also have not cited any authority for the proposition that one may ignore the statutory requirement to file objections to a bond within 10 days of its posting and make a later collateral attack on the adequacy of the bond in a separate civil action.

At oral argument, counsel for plaintiffs argued for the first time there was nothing in the record establishing the bond was ever served. The bond was presented to and considered by the trial court in ruling on the demurrer. There is nothing in the record indicating plaintiffs raised any objection they had not been served with or otherwise did not receive notice of the posting of the bond. Any argument the bond was not served has been forfeited.

We find no error in the court's order sustaining defendant's demurrer without leave to amend.

### DISPOSITION

The judgment of dismissal in favor of Chicago Title Insurance Company is affirmed.

Chicago Title Insurance Company shall recover costs of appeal. We deny Chicago Title Insurance Company's request for sanctions.


GRIMES, Acting P. J.


WE CONCUR:



WILEY, J.                    HARUTUNIAN, J.[*]

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


6