Filed 5/15/26  Graham v. Western University of Health Sciences CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CATHERINE GRAHAM, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> WESTERN UNIVERSITY OF HEALTH SCIENCES et al., <br><br>     Defendants and Respondents. | B349398 <br><br> (Los Angeles County Super. Ct. No. 24STCV11955) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Catherine E. Graham, in pro. per., for Plaintiff and Appellant.

Pazzani & Sandhu, Karen J. Pazzani and Lester F. Aponte for Defendants and Respondents.

————————————

Catherine Graham appeals from a judgment entered after the trial court sustained the demurrer filed by the Western University of Health Sciences (University) and related defendants without leave to amend. Graham alleged, among other claims, that the University and individual defendants fraudulently concealed facts in their recruitment information, including the school's "cult-like" culture, and the information the University provided informed her decision to enroll in the college of optometry's doctorate program, from which she was dismissed. On appeal, Graham challenges only the court's order sustaining the demurrer to her fraudulent concealment cause of action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Second Amended Complaint*

Graham filed this action on February 1, 2023. After the trial court sustained demurrers to her initial and first amended complaints, on February 3, 2025 Graham filed her second amended complaint (complaint). The complaint alleged six causes of action against the University, its board of trustees, and five individuals: Elizabeth Zamora (chair of the board), Elizabeth Hoppe (dean of the optometry school), Dr. Ida Chung (associate dean of academic affairs), Naida Jakirlic (optometry school instructor), and Andrea Quezada (admissions counselor) (collectively, the University defendants).[1]

---

[1]  The complaint also named Crystal Sin, a graduate of the college of optometry. According to the University, Sin was never served, and she was not a party to the demurrer. However, the

The complaint alleged Graham attended the college of optometry's doctorate program starting in August 2018. After she appealed a "[trivial] grade discrepancy" in April 2019, Chung retaliated against her by placing her on academic probation, and in January 2020 she was dismissed from the college. Graham subsequently reenrolled, but from August 2021 to June 2022 the University "operated under a 'cult-like' covert culture, engaging in harassment, unauthorized use of her data, and false advertising practices." Further, in May 2022 Graham "reported various incidents" to the University's board of trustees, "including unauthorized processing of her information by . . . Quezada and cyber law violations."

The complaint alleged causes of action for fraudulent concealment, intentional misrepresentation, violation of the Comprehensive Computer Data and Access Fraud Act (Pen. Code, § 502), negligence, intentional infliction of emotional distress (IIED), and failure to prevent harassment (Gov. Code, § 12940, subd. (k)).[2] With respect to the fraudulent concealment cause of

_____

judgment dismissed the second amended complaint in its entirety.

[2] Graham included at the end of the sixth cause of action an "<u>ADDENDUM</u>" containing four additional causes of action. The University defendants moved to strike these causes of action on the basis the trial court had already dismissed them. In its ruling on the demurrer, the court found the motion to strike was moot. Graham has forfeited any challenge to the implied dismissal of the four causes of action by not addressing them on appeal. (*Ko v. Maxim Healthcare Services, Inc.* (2020) 58 Cal.App.5th 1144, 1147, fn. 3 [plaintiffs forfeited challenge to order sustaining demurrer to cause of action by not briefing the issue]; *Aptos Council v. County of Santa Cruz* (2017)

3

action, Graham alleged Quezada and Jakirlic, as agents of Hoppe, presented recruitment information to her and other prospective students at the University's "Preview Days" in 2017 "but intentionally failed to disclose other facts." Specifically, they failed to disclose "the so-called 'shared governance' nature of the 'University'" and that it "'involve[d] the sharing of and access to private information on computer systems . . . and computer networks.'" They also did not disclose "the culture" of the University, which was "'cult-like'" and was only "revealed to [Graham] after she enrolled as a degree-seeking student." The University had a fiduciary duty to disclose these facts to the public or to Graham, who was a student or prospective student. Defendants knew these facts and intended to deceive Graham "because of the embarrassment of being a cult or cult-like entity that did not achieve recognition as a religion." Graham's reliance on the information presented on the University's website, in its catalog, and at events like the Preview Days "inform[ed] her decision to apply" and was "justifiable." Further, Graham withdrew from the University "because of their culture of falsity," and she was "harmed in the 'cult-like' mechanisms . . . namely, that the mechanisms caused cybercriminal activity on her personal devices."

On March 7, 2025 the University defendants filed a demurrer to all causes of action in the complaint except for the IIED cause of action, which was asserted against only Sin. With respect to fraudulent concealment, the University defendants

---

10 Cal.App.5th 266, 296 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."].)

argued the operative complaint failed to sufficiently allege a duty to disclose or Graham's justifiable reliance. In her opposition, Graham did not address the University defendants' arguments regarding the sufficiency of the fraudulent concealment cause of action. Instead, Graham argued she had followed the trial court's order by alleging the six causes of action for which the court had granted leave to amend and provided (unidentified) "clarifications" of the causes of action.

B.    *The Trial Court's Ruling*

On June 10, 2025 the trial court sustained the University defendants' demurrer without leave to amend. The court found Graham's "[v]ague allegations" did not establish a claim for fraudulent inducement, and she failed to sufficiently allege a duty to disclose or justifiable reliance.

On July 8, 2025 the trial court entered a judgment in favor of the University defendants dismissing the complaint in its entirety.

Graham timely appealed.[3]

---

[3]    In her opening brief Graham also seeks review of the trial court's July 8, 2025 order striking her request to disqualify Judge Leiter under Code of Civil Procedure section 170.1. Graham did not identify this order in her notice of appeal, but in any event, pursuant to Code of Civil Procedure section 170.3, subdivision (d), the exclusive means for review of a judicial disqualification determination is by filing a petition for writ of mandate within 10 days after notice of entry of the court's order on disqualification, not an appeal from the order. (See *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1059.) Graham did not file a petition after receiving the court's order. We therefore do not address this issue.

5

**DISCUSSION**

A.    *Standard of Review*

   "'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (*Matthews v. Becerra* (2019) 8 Cal.5th 756, 768; accord, *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) When evaluating the complaint, "we assume the truth of the allegations." (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 209; accord, *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.) However, we do not accept the truth of conclusions of fact or law alleged in the complaint. (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010 ["'"'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.'"'"].)

   A trial court abuses its discretion by sustaining a demurrer without leave to amend where "'there is a reasonable possibility that the defect can be cured by amendment.'" (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100; accord, *City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "'"The plaintiff has the burden of proving that [an] amendment would cure the legal defect, and may [even] meet this burden [for the first time] on appeal."'" (*Starlight Cinemas, Inc. v. Massachusetts Bay Ins. Co.* (2023) 91 Cal.App.5th 24, 32; accord, *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971.)

6

B.   *The Trial Court Did Not Err in Sustaining the Demurrer to Graham's Fraudulent Concealment Cause of Action*

"The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would have acted differently if the concealed or suppressed fact was known; and (5) plaintiff sustained damage as a result of the concealment or suppression of the material fact."  (*Rattagan v. Uber Technologies, Inc.* (2024) 17 Cal.5th 1, 40 (*Rattagan*).)

In California, fraud must be alleged with particularity. (*Rattagan, supra*, 17 Cal.5th at p. 43; *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 993.)  "'This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered."'"  (*Rattagan*, at p. 43.)  "California courts apply th[is] same specificity standard to evaluate the factual underpinnings of a fraudulent concealment claim at the pleading stage, even though the focus of inquiry shifts to the unique elements of the claim."  (*Ibid.*)  "[T]he complaint must [therefore] include specific allegations establishing all the required elements" of fraudulent concealment to be actionable.  (*Id.* at p. 65.)

The complaint failed to allege with particularity what facts the University defendants failed to disclose, the basis for the alleged duty to disclose, and in what manner Graham relied on the concealment of these facts to her detriment.  As to the first element of fraudulent concealment, the complaint alleged in a very conclusory manner what material facts the University

7

defendants failed to disclose. For example, the complaint alleged the University defendants failed to disclose the University's "'cult-like' covert culture" and that there was a "shared governance" structure of the University that "involve[d] the sharing of and access to private information on computer systems." But the complaint failed to set forth any facts that showed the cult-like covert culture or the governance structure that led to the University gaining access to Graham's private information (other than that the University was a "corporation"). Nor did Graham allege how the nondisclosures were material to Graham's decision to enroll in the optometry program. The complaint also failed to allege what statements were made at the University's 2017 Preview Days that were misleading or untrue.

On this basis alone, the operative complaint lacked sufficient particularity to state a cause of action for fraudulent concealment. (See *Rattagan, supra*, 17 Cal.5th at p. 43 [the complaint must include "the content of the omitted facts" where plaintiff alleges fraudulent concealment based on a defendant's exclusive knowledge of undisclosed facts]; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 877-878 ["unspecified statements on an identified *topic* [i.e., defendant's ability to pay rent]" did not provide "the *substance* of those statements" sufficient to support a fraudulent concealment claim based on a theory of partial concealment].)

In addition, Graham did not adequately allege the University defendants had a duty to disclose. As discussed, the operative complaint alleged the University owed a fiduciary duty to disclose its shared governance structure, computer systems information sharing, and social culture to students, prospective students, or the public. The complaint asserted the University

8

defendants had a fiduciary duty to Graham under *Thomas v. Regents of University of California* (2023) 97 Cal.App.5th 587. But the *Thomas* court concluded there was no authority for the plaintiff student-athlete's contention that the university's coaches had a fiduciary relationship with their student-athletes. (*Id.* at p. 630.)

On appeal, Graham argues the University defendants' duty to disclose was imposed by statute, citing the general fraud statute (Civ. Code, § 1710); the false advertising law (Bus. & Prof. Code, § 17500); the false advertising provision of the Medical Practice Act (Bus. & Prof. Code, § 2271; see *id.*, § 2000); and the Consumers Legal Remedy Act (Civ. Code, § 1770). However, none of these statutes requires universities or their administrators to disclose their social culture, governance structure, or computer systems to prospective students, current students, or the public, nor does Graham explain how these statutes support her theory the University defendants had a duty to disclose these facts.

Finally, Graham failed to plead with particularity her reliance on the alleged concealed facts. Graham alleges certain representations by the University "inform[ed] her decision to apply," but she does not allege that she would have acted differently (for example, not enrolled in the optometry school) had she learned of the true nature of the University's social culture, shared governance structure, and computer systems.[4]

---

[4] Graham does not argue on appeal that the trial court abused its discretion in denying leave to amend her second amended complaint, nor does she address how she could amend the complaint to cure its legal defects. Because Graham has failed to meet her burden to support leave to amend, we affirm

**DISPOSITION**

The judgment of dismissal is affirmed.  The University defendants are to recover their costs on appeal.


FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.

---

the trial court's denial of leave to amend.  (*Spears v. Spears* (2023) 97 Cal.App.5th 1294, 1307 [affirming denial of leave to amend in light of plaintiff's failure to identify a specific allegation that would cure the defect in his claim]; *Lebrun v. CBS Television Studios, Inc.* (2021) 68 Cal.App.5th 199, 212 [affirming denial of leave to amend where plaintiffs "d[id] not suggest how they could amend the complaint"].)